UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1   JUMANA NAGARWALA,
D-2   FAKHRUDDIN ATTAR,
D-3   FARIDA ATTAR,

        Defendants.
_____/

No. 17-20274

Hon. Bernard Friedman

### GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY AND FOR PROTECTIVE ORDER (R. 31)

On May 9, 2017, Defendants Jumana Nagarwala, Fakhruddin Attar, and Farida Attar filed a motion to compel discovery. (Def. Motion, R. 31.) To date, the government has provided only limited discovery to Defendants because the parties have not been able to agree on a protective order restricting dissemination of discovery and related materials. For the reasons set forth in the government's Motion for Protective Order, filed under seal on May 19, 2017, the government believes that a protective order preventing dissemination of discovery materials is necessary before additional discovery can be produced to Defendants.

The government acknowledges that Defendants are entitled to discovery materials pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks

Act, 18 U.S.C. § 3500. The government is aware of its discovery obligations and will comply with the requirements of Rule 16, *Brady, Giglio,* and Jencks. Defendants acknowledge that a protective order for discovery is necessary, but object to the government's proposed protective order[1] on several grounds. (Def. Motion, R. 31, PgID 137.)

First, Defendants object that the proposed protective order includes restrictions on the defense, but no restrictions on the government's dissemination of its own materials. (Def. Motion, R. 31, PgID 140.) The materials at issue, however, are in the possession of the government, and many of these materials were created by federal agents. The government will use its own materials as needed during the course of the investigation and preparation for trial. If Defendants wish to impose a protective order upon the government for discovery materials produced by Defendants to the government, the government is amenable to entering into such an agreement.

Next, Defendants claim that the proposed protective order "unnecessarily imposes restrictions on the defense attorneys' ability to share documents," and requests that the materials can be shared pursuant to a Joint Defense Agreement.

---

1 Attachment A to Defendant's Motion to Compel was a draft protective order that the government prepared and proposed on May 1, 2017. However, the government later revised the proposed protective order. The order that the government requests that the Court enter is attached to the government's motion for protective order, submitted under seal on May 19, 2017.

2

(Def. Motion, R. 31, PgID 140.) However, to date, the government is not aware of a Joint Defense Agreement. The individual Defendants may have competing interests and competing defenses, and they are entitled to different pieces of discovery and related material.

Defendants also object to the proposed protective order's restriction on providing copies of discovery and related materials to Defendants. This restriction is commonly granted in cases involving sensitive investigations and victim-related materials. *See United States v. Scott Sutherland, et al*, 11-20129; *United States v. Thomas Dougherty, et al*, 16-20239.

For the reasons set forth in the Government's Sealed Motion for Protective Order, the government requests that the Court enter the requested protective order. Once the Court enters a protective order, the government will produce discovery to Defendants, and Defendants' Motion to Compel will be moot.

Respectfully submitted,

DANIEL LEMISCH
Acting U.S. Attorney

*s/Sara D. Woodward*
SARA D. WOODWARD
Assistant United States Attorney
Deputy Chief, General Crimes Unit
211 West Fort Street, Ste. 2001
Detroit, MI 48226-3220
(313) 226-9180
sara.woodward@usdoj.gov

AMY MARKOPOULOS
MALISA DUBAL
Trial Attorneys
Department of Justice, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
amy.markopoulos@usdoj.gov
Malisa.dubal@usdoj.gov

Dated:  May 19, 2017

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2017, I filed the foregoing document using ECF, which will provide notification to counsel of record:

- Shannon Smith, counsel for Defendant Nagarwala

- Mary Chartier-Mittendorf, counsel for Defendant Fakhruddin Attar

- Matthew Newburg, counsel for Defendant Farida Attar

/s Sara D. Woodward
SARA D. WOODWARD
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9810

May 19, 2017