UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                             CR. NO. 17-20274

v.                                     HON. BERNARD A. FRIEDMAN

JUMANA NAGARWALA (D-1),

      Defendant.

_____/

### DEFENDANT JUMANA NAGARWALA'S MOTION FOR CLARIFICATION REGARDING THIS COURT'S ORDER SETTING CONDITIONS OF RELEASE

Defendant Jumana Nagarwala, through counsel, hereby respectfully requests that this Court clarify its Order Setting Conditions of Release in this matter related to conditions 6 and 7(aa). Defense Counsel sought concurrence for the instant motion and concurrence was denied.

**(1) Statement of the Case:**

On November 21, 2017, Dr. Nagarwala was released from pretrial custody subject to this Court's Order Setting Conditions of Release. The Order states, in part, that Dr. Nagarwala's release was conditioned upon her placement in the custody of her father, Fakhruddin A. Kurawadwala (condition "6"), and her participation in the computer restriction/monitoring program, which would not

1

allow for Dr. Nagarwala's use of computers or connected devices and not permit access to the Internet (condition "7(aa)"). After the November 21, 2017 hearing, Dr. Nagarwala, her father, her husband, her mother-in-law, and a representative from Defense Counsel's office had the opportunity to meet with Dr. Nagarwala's pretrial services officer, who explained his interpretation of this Court's Order.

**(2) Condition 6 - Dr. Nagarwala is placed in the custody of her father:**

As part of this Court's Order Setting Conditions of Release, Dr. Nagarwala is required to participate in home incarceration, which requires that she be restricted to 24-hour-a-day lock-down, except for medical necessities and court appearances or other activities specifically approved by the Court. She was also ordered to reside at a place other than her house, given the nature of related child protective proceedings simultaneously pending in state court. As such, Dr. Nagarwala is confined to her room at an extended stay hotel.

As a condition of Dr. Nagarwala's release, Dr. Nagarwala was placed in the custody of her father, Mr. Kurawadwala. Mr. Kurawadwala was required to execute an "Agreement to Assume Custody of the Defendant," which states that Mr. Kurawadwala agrees "to assume custody of the defendant and to supervise him or her in accordance with this Court's bond order."

Pretrial services has indicated that it interprets this Court's Order, when read in connection with the Agreement to Assume Custody, to require Mr.

Kurawadwala to be in the presence of his daughter 24-hours-a-day. This means that Mr. Kurawadwala must reside at the extended stay hotel and may not leave the hotel, unless accompanying his daughter on outings approved by pretrial services, which include attorney office visits and visitation with her children. Pretrial services did note that it would allow Mr. Kurawadwala to walk around the hotel lobby and to his car in the parking lot of the hotel to check his internet capable devices while supervising his daughter, but that he otherwise may not leave the hotel when his daughter in confined to her room. In effect, Mr. Kurawadwala is also now subject to home incarceration.

    Defendant submits that the that the true intent of this Court's Order is being misinterpreted and suggests it would be satisfied if as her third party custodian, Mr. Kurawadwala be required to make contact with his daughter three times a day via the landline in her hotel room. This would ensure that Dr. Nagarwala was physically present in her hotel room when the contact was made, but would also allow Mr. Kurawadwala to maintain and keep up with necessary medical treatments and allow Mr. Kurawadwala the ability to help care for Dr. Nagarwala's children while their mother is confined to home incarceration at the extended stay hotel.

## (3) Condition 7(aa) - Dr. Nagarwala agrees to participate in the computer restriction/ monitoring program:

Condition 7(aa) indicates that Dr. Nagarwala agrees to participate in the computer restriction/monitoring program and abide by all rules and requirements of the program which: (i) will not allow the use of computers or connected devices, and (ii) will not permit access to the internet. Dr. Nagarwala submits that the plain language of this Court's Order is being misinterpreted, given that pretrial services has indicated that it interprets this provision to mean that Dr. Nagarwala may not be in the <u>presence</u> of any computer or connected device.

Consequently, Dr. Nagarwala's third party custodian may not possess a computer or connected device when in the presence of his daughter. Pretrial services has explained that it interprets this provision to mean that Mr. Kurawadwala must keep all connected devices in his vehicle when at the extended stay hotel. As such, pretrial services currently allows for Mr. Kurawadwala to exit the hotel to obtain his devices from his vehicle, use his devices when in the hotel lobby, and then return the devices to his vehicle before retuning to his daughter's room. As previously explained, Mr. Kurawadwala is currently required to be present with his daughter at the extended stay hotel 24-hours-a-day, except when accompanying his daughter on outings approved by pretrial services, which include attorney office visits and visitation with her children.

4

Further, Dr. Nagarwala is currently allowed to visit with her children at her home for two hours per day on weekdays and five hours per day on the weekends. Pretrial services has interpreted condition 7(aa) as requiring that Dr. Nagarwala's family remove all connected devices from the home for the duration of Dr. Nagarwala's visitation with her children. Pretrial services explained that the Nagarwala family is to remove all connected devices from the home fifteen minutes prior to Dr. Nagarwala's arrival at the home and store the devices in a vehicle when Dr. Nagarwala is present in the home. In response to inquiry from Dr. Nagarwala's husband, pretrial services explained that during visitation, Dr. Nagarwala's husband may periodically check his connected device for work purposes if he does so in the garage.

The plain language of this Court's Order prevents Dr. Nagarwala from the <u>use</u> of computers or connected devices and from <u>access</u> to the internet. Pretrial services, however, has interpreted this provision as requiring that Dr. Nagarwala not be in the <u>presence</u> of computers or connected devices and/or in the <u>presence</u> of devices capable of internet activity. As such, Dr. Nagarwala seeks clarification as to the true intent of this Court's Order and respectfully requests that she be allowed to be in the presence of connected devices. To be clear, Dr. Nagarwala is not seeking permission to use any connected device, she is simply requesting that her

5

family members not be required to store their connected devices in their vehicles when in her presence.

**(4) Conclusion:**

**WHEREFORE**, for the above stated reasons, Dr. Nagarwala respectfully requests this Court clarify its Order Setting Conditions of Release in this matter related to conditions 6 and 7(aa).

Respectfully submitted,

Dated: November 27, 2017

/s/ Shannon M. Smith
SHANNON M. SMITH
Attorney for Defendant Jumana Nagarwala
The Law Offices of Shannon M. Smith, P.C.
1668 South Telegraph Road
Suite 140
Bloomfield Hills, MI 48302
(248) 636-2595

## CERTIFICATE OF SERVICE

I certify that on November 27, 2017 I filed the foregoing document with the Clerk of the Court through the ECF system, which will send electronic notification to all counsel of record.

/s/ Shannon M. Smith
SHANNON M. SMITH
Attorney for Defendant Jumana Nagarwala