UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                              Criminal No. 17-CR-20274

vs.                                                      HON. BERNARD A. FRIEDMAN

D-1, JUMANA NAGARWALA, and
D-2, FAKHRUDDIN ATTAR,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COUNT SIX OF THE SECOND SUPERSEDING INDICTMENT**

        This matter is presently before the Court on the motion of defendants Jumana Nagarwala ("Dr. Nagarwala") and Fakhruddin Attar ("Dr. Attar") to dismiss Count Six of the second superseding indictment [docket entry 171]. The government has responded, defendants have replied, and the Court has heard oral argument. For the reasons stated below, the Court shall grant the motion.

        This case concerns female genital mutilation ("FGM"). There are eight defendants. The government alleges that Dr. Nagarwala performed the procedure; that Dr. Attar allowed Dr. Nagarwala to use his clinic to perform the procedure; that Farida Attar (Dr. Attar's wife) and Tahera Shafiq assisted Dr. Nagarwala in performing the procedure; and that the other defendants, who are the mothers of the victims, brought them to the clinic for the procedure.

        The second superseding indictment (hereinafter, "the indictment") contains seven counts. Count One charges all defendants with conspiracy to commit FGM in violation of 18 U.S.C.

§§ 116 and 371.[1] Counts Two through Five charge Dr. Nagarwala and one or more of the other defendants with committing FGM upon, respectively, minor victims 1, 2, 3, and 4, or aiding and abetting one another in doing so, in violation of 18 U.S.C. §§ 2 and 371. Count Six charges Dr. Nagarwala and Dr. Attar with "conspiracy to transport minor with intent to engage in criminal sexual activity," in violation of 18 U.S.C. § 2423(a) and (e).[2] And Count Seven charges Dr.

---

[1] Section 371 makes it a crime for "two or more persons [to] conspire . . . to commit any offense against the United States." Section 116, entitled Female Genital Mutilation, states in relevant part:

> (a) Except as provided in subsection (b), whoever knowingly circumcises, excises, or infibulates the whole or any part of the labia majora or labia minora or clitoris of another person who has not attained the age of 18 years shall be fined under this title or imprisoned not more than 5 years, or both.

[2] 18 U.S.C. § 2423, entitled Transportation of Minors, states:

> (a) Transportation with intent to engage in criminal sexual activity.--A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.
>
> (b) Travel with intent to engage in illicit sexual conduct.--A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.
>
> (c) Engaging in illicit sexual conduct in foreign places.--Any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with

Nagarwala and three other defendants with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k).

Dr. Nagarwala and Dr. Attar seek dismissal of Count Six, which alleges:

---

another person shall be fined under this title or imprisoned not more than 30 years, or both.

(d) Ancillary offenses.--Whoever, for the purpose of commercial advantage or private financial gain, arranges, induces, procures, or facilitates the travel of a person knowing that such a person is traveling in interstate commerce or foreign commerce for the purpose of engaging in illicit sexual conduct shall be fined under this title, imprisoned not more than 30 years, or both.

(e) Attempt and conspiracy.--Whoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall be punishable in the same manner as a completed violation of that subsection.

(f) Definition.--As used in this section, the term "illicit sexual conduct" means-

(1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States;

(2) any commercial sex act (as defined in section 1591) with a person under 18 years of age; or

(3) production of child pornography (as defined in section 2256(8)).

(g) Defense.--In a prosecution under this section based on illicit sexual conduct as defined in subsection (f)(2), it is a defense, which the defendant must establish by clear and convincing evidence, that the defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years.

> *Conspiracy to Transport Minor with Intent to Engage in Criminal*
> *Sexual Activity*
> 18 U.S.C. § 2423(a), (e)
>
> D-1 JUMANA NAGARWALA
> D-2 FAKHRUDDIN ATTAR
>
> 42. Paragraphs 1 through 4, 9-12 and 15-17 of the General Allegations and paragraphs 21 through 24 of the Manner and Means of this Second Superseding Indictment are realleged and incorporated by reference . . .
>
> 43. From January 2017 to February 4, 2017, in the Eastern District of Michigan and elsewhere, the defendants . . . did knowingly and willfully conspire and agree together and with other persons . . . to knowingly transport an individual who had not attained the age of 18 years . . . with the intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18 U.S.C. § 2423(a), (e).

Count Six depends entirely on the FGM allegations, *see* Second Superseding Indictment ¶¶ 42-43, and not on any other acts.[3]

The essence of defendants' argument is that the allegations in the indictment do not support Count Six, which charges them with conspiring to engage in criminal sexual activity. While § 2423(f) defines "illicit sexual conduct" – the phrase used in § 2423(b), (c), and (d) – defendants note that § 2423 does not define the phrase "criminal sexual activity."[4] They argue that the

---

[3] As noted above, the government alleges that defendants engaged in, or conspired with others to engage in, FGM, which it defines as cutting, removing, or otherwise surgically altering parts of the female genitalia. *See* Indictment ¶ 2. Defendants allegedly conspired to violate the FGM statute "by knowingly circumcising, excising, and infibulating the whole or any part of the labia majora, labia minora and clitoris of a person who had not attained the age of 18 years." *Id.* ¶ 19-20. The overt acts of the conspiracy consist of FGM being carried out on four minor victims on specified dates. *Id.* ¶ 25-41.

[4] As noted above, the phraseology used in § 2423(a) is "sexual activity for which any person can be charged with a criminal offense." For purposes of brevity, the Court shall paraphrase this with "criminal sexual activity."

government is impermissibly using the definition of "criminal sexual conduct" under state law and "sexual act" from another federal statute to characterize their actions in committing, or conspiring to commit, FGM as "criminal sexual activity."

Defendants' motion is brought under Fed. R. Crim. P. 12(b)(3)(B)(v), which allows a defendant to challenge an indictment for "failure to state an offense." The legal standards governing the motion have been stated as follows:

> In general, an indictment is constitutionally adequate if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Maney*, 226 F.3d 660, 663 (6th Cir.2000); *United States v. Monus*, 128 F.3d 376, 388 (6th Cir.1997). However, it is axiomatic that, "[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir.1992) (citing *Fleisher v. United States*, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208 (1937)) (per curiam); *cf. Hamling*, 418 U.S. at 117, 94 S.Ct. 2887 (stating that an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words ... fully, directly, and expressly ... set forth all the elements necessary to constitute the offense intended to be punished." (citations omitted)). An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense. *Hamling*, 418 U.S. at 117, 94 S.Ct. 2887; *Monus*, 128 F.3d at 388. At the same time, the Supreme Court has cautioned: "Undoubtedly the language of the statute may be used in the general description of the offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18, 94 S.Ct. 2887 (quotation marks omitted) (emphasis added).
> Further, courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based. *See Costello v. United States*, 350 U.S. 359, 362–63, 76 S.Ct. 406, 100 L.Ed. 397

> (1956); *United States v. Powell*, 823 F.2d 996, 999–1001 (6th Cir.1987); *United States v. Markey*, 693 F.2d 594, 596 (6th Cir.1982) (stating that the "validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay"); *United States v. Short*, 671 F.2d 178, 182 (6th Cir.1982) (stating that criminal cases should not be "further attenuated by preliminary trials concerning the adequacy of grand jury proceedings, a concern particularly noted in Costello" (quotation marks omitted)). . . .

*United States v. Landham*, 251 F.3d 1072, 1079–80 (6th Cir. 2001) (footnotes omitted). Additionally, criminal statutes "must be strictly construed, and any ambiguity must be resolved in favor of lenity." *United States v. Enmons*, 410 U.S. 396, 411 (1973). For purposes of deciding the instant motion, the Court assumes the truth of the indictment's allegations.[5]

Count Six must be dismissed because while "the indictment must assert facts which in law constitute an offense," *Superior Growers*, 982 F.2d at 177, the indictment in this case alleges no facts which, if proven, would establish that Dr. Nagarwala or Dr. Attar violated 18 U.S.C. § 2423(a) or (e). To prove their guilt on this charge, the government must show that defendants transported a minor "with intent that [the minor] engage in . . . any sexual activity for which any person can be charged with a criminal offense." Section 2423(a). The facts alleged in the indictment do not support this charge because, as a matter of law, FGM, while a prohibited criminal act, is not "criminal sexual activity."

No definition of "sexual activity" is provided in the definitions subjection of § 2423.

---

[5] The Court rejects the government's argument that defendants' motion must be denied because the case involves factual disputes as to exactly what defendants did (i.e., cutting, stitching, probing, or merely "scraping" or "wiping") and therefore a jury should be allowed to decide what defendants did and whether § 2423(a) was violated. For purposes of deciding the instant motion, the Court assumes the facts as alleged in the indictment.

Section 2423(f) does provide a precise definition of "illicit sexual conduct,"[6] the phrase used in § 2423(b)-(d), but it does not define (or even mention) the phrase "sexual activity."

The government concedes that § 2423 does not define "sexual activity." Nonetheless, the government argues that the Court should deny defendants' motion because the cutting and penetration alleged in the indictment constitute violations of Michigan's criminal sexual conduct statute, Mich. Comp. Laws § 750.520b.[7] However, while the government asserts that "MCL § 750.520b undoubtedly qualifies as 'sexual activity for which any person can be charged with a criminal offense,'" Resp. Br. at 12, it is not at apparent to the Court – and the government offers no convincing argument showing – that the phrase "sexual activity," as used in § 2423(a), is synonymous with the phrase "sexual conduct," as used in § 750.520b(1)(a).

In a similar vein, the government argues that the indictment sufficiently alleges criminal "sexual activity" because the facts in the indictment meet the definition of "sexual act" in 18 U.S.C. § 2246, particularly subsections § 2246(2)(C) and (D) which include penetration or touching "with an intent to abuse, humiliate, harass, degrade" within the definition.[8] Once again,

---

[6] Section 2423(f) defines "illicit sexual conduct" as (1) a "sexual act" (with a minor) as defined in 18 U.S.C. § 2246; (2) a "commercial sex act" (with a minor) as defined in 18 U.S.C. § 1591; or (3) production of child pornography. Section 2246(b), in turn, precisely defines "sexual act" as consisting of certain specifically described forms of contact, penetration, or touching. Section 1591(e)(3) defines "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person."

[7] Under Mich. Comp. Laws § 750.520b(1)(a), "[a] person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if . . . [t]hat other person is under 13 years of age." Under § 750.520a(r), "sexual penetration" includes "any . . . intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body."

[8] Section 2246 is the definitions section of §§ 2241 - 2245 (Chapter 109A of the criminal code), which deals with sexual abuse in federal prisons and in special maritime and territorial jurisdictions. Section 2246 states:

7

however, it is not apparent to the Court – and the government has not shown – that the phrase "sexual activity," as used in § 2423(a), is synonymous with the phrase "sexual act," as used in § 2246, even assuming the correctness of the government's contention that defendants, by committing FGM, abused, humiliated, harassed or degraded the victims. The government asserts that "the Sixth Circuit has expressly endorsed treating 'sexual act' as defined by Section 2246 as synonymous with 'sexual activity' as used in Section 2423(a)," but the authority cited for this proposition is exceptionally weak.[9]

---

> As used in this chapter--
>
> (1) the term "prison" means a correctional, detention, or penal facility;
>
> (2) the term "sexual act" means--
>
> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

The Court notes that § 2246 is part of Chapter 109A ("Sexual Abuse"), while § 2423(a) is part of Chapter 117 ("Transportation for Illegal Sexual Activity and Related Crimes").

[9] The government relies entirely on *United States v. Lawrence*, 187 F.3d 638 (6th Cir. 1999), an unreported table decision in a case in which defendant was charged with violating §

The government also notes that the Seventh Circuit has stated that "in the vast body of federal statutory law we find scattered references to 'sexual conduct,' 'sexual act,' and 'sexual activity' or 'sexual activities,' but the terms seem to be regarded as synonymous." *United States v. Taylor*, 640 F.3d 255, 258 (7th Cir. 2011). Defendants counter by noting that the Fourth Circuit, in *United States v. Fugit*, 703 F.3d 248, 255-56 (4th Cir. 2012), disagreed with *Taylor* and criticized that decision for "cutting and pasting" definitions from one section of the criminal code and applying them in another. The Court agrees with *Fugit*. Attempting to define "sexual activity" by borrowing definitions of similar but different words and phrases from other statutes, and by treating these different words and phrases as synonymous with "sexual activity," undermines the maxim that criminal statutes must be construed strictly. For whatever reason, Congress has neglected to provide a definition of "sexual activity" in § 2423(f), the critical phrase in § 2423(a) as it relates to this case. It is not the Court's role to correct this oversight and fill the gap by applying definitions of similar words and phrases that appear elsewhere in the criminal code.

Additionally, defendants argue that the phrase "sexual activity" requires arousal or "libidinal gratification," a factor the government does not allege in this case. Defs.' Br. at 8. Defendants cite one Sixth Circuit case in support of this proposition, and it is instructive. In *United*

---

2423(a) by transporting a minor across state lines "with the intent to engage in sexual activity as defined in § 2246(2)(B)." *Id.* at *3. On appeal defendant challenged the jury instructions that "defined 'sexual activity' in the specific terms set forth in §§ 2246(2)(D) and (3), notwithstanding that there is no reference to § 2246 in [§ 2423(a)]." *Id.* The court of appeals rejected this argument on the grounds that there was no prejudice because "the definition of sexual activity in § 2246 relates to sexual abuse of a minor or ward, an offense under § 2243." *Id.* at *4. However, in *Lawrence* the court of appeals did not directly address the specific issue raised in the present case, namely, how the phrase "sexual activity" in § 2423(a) should be defined and whether, in keeping with the rule that criminal statutes must be construed strictly, the Court should borrow definitions of similar phrases, such as "sexual act" as defined in § 2246, from other sections in other chapters of the criminal code.

9

*States v. Mateen*, 806 F.3d 857 (6th Cir. 2015), the issue was whether the district court properly subjected defendant, who pled guilty to possession of child pornography, to an enhanced sentence under 18 U.S.C. § 2252(b)(2). That statute applies to offenders with a prior state court conviction for, among other things, "sexual abuse" of a minor. In deciding whether defendant's Ohio conviction for "gross sexual imposition" could be treated as a conviction for sexual abuse of a minor, the court began by defining the term "sexual abuse":

> Based on the language of section 2252(b)(2) and the approaches of our sister circuits, we define the generic federal offense of "sexual abuse" using its common meaning. The penalty provisions of section 2252 appear in Chapter 110, which contains a definition section but does not define "sexual abuse." *See* 18 U.S.C. § 2256. "When the text of a statute contains an undefined term, that term receives its ordinary and natural meaning." *Limited, Inc. v. Comm'r*, 286 F.3d 324, 332 (6th Cir.2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)). "Sexual" is commonly understood to mean "of or relating to the sphere of behavior associated with libidinal gratification." Webster's Third New International Dictionary 2082 (1981). Other circuits have also defined "sexual" in this context according to its ordinary meaning. *Sonnenberg*, 556 F.3d at 671 (defining "sexual" as "the intent to seek libidinal gratification"); *Barker*, 723 F.3d at 324; *Colson*, 683 F.3d at 510; *United States v. Hubbard*, 480 F.3d 341, 348–49 (5th Cir.2007); *United States v. Stevens*, 158 Fed.Appx. 133, 136 (10th Cir.2005); *United States v. Padilla–Reyes*, 247 F.3d 1158, 1163 (11th Cir.2001). "Abuse," according to its common meaning, is "to use or treat so as to injure, hurt, or damage." Webster's Third New International Dictionary 8 (1981); *see also United States v. Baza–Martinez*, 464 F.3d 1010, 1015 (9th Cir.2006); *Padilla–Reyes*, 247 F.3d at 1163. Thus, sexual abuse, consistent with its common meaning, connotes the use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification. This definition is in accord with the plain meaning of the statutory terms and the decisions of our sister circuits.

*Mateen*, 806 F.3d at 861. This case strongly suggests that when, as in the present case, the word "sexual" is not defined in a criminal statute, its "ordinary and natural meaning" is applied, and that

10

meaning is "of or relating to the sphere of behavior associated with libidinal gratification."

Defendants' argument is further strengthened by *United States v. Fugit*, 703 F.3d 248 (4th Cir. 2012), in which defendant was charged with violating 18 U.S.C. § 2422(a), which makes it a crime to "persuade[], induce[], entice[], or coerce[] any individual to travel in interstate or foreign commerce . . . to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." In defining "sexual activity," the Fourth Circuit stated:

> This court has long consulted dictionaries of common usage in order to establish the plain meaning of disputed statutory language. In determining the meaning of "sexual," we find instructive a definition from Webster's: "of or relating to the sphere of behavior associated with libidinal gratification." *Webster's New International Dictionary* 2082 (3d ed. 1993). This court has previously relied on this very definition in a related context. *See United States v. Diaz–Ibarra*, 522 F.3d 343, 349 (4th Cir.2008) (interpreting the phrase "sexual abuse of a minor" for purposes of sentencing enhancement in U.S. Sentencing Guidelines Manual § 2L1.2). Likewise, we find the most pertinent definition of "activity" to be "an occupation, pursuit, or recreation in which a person is active." *Webster's, supra*, at 22.
>
> Thus, as a matter of plain meaning, the phrase "sexual activity" as used in § 2422(b) comprises conduct connected with the "active pursuit of libidinal gratification" on the part of any individual.

*Id.* at 254–55 (citation omitted). The Court adopts this definition of "sexual activity" because the phrase is not statutorily defined and this definition comports with the directive in *Mateen* to use the ordinary and natural meaning of the words in such circumstances. As noted above, in *Mateen* the Sixth Circuit, like the Fourth, concluded that "sexual," in its ordinary and natural meaning, connotes "libidinal gratification."

With this definition of "sexual activity" in mind, the Court has no difficulty concluding that Count Six must be dismissed. The government does not contend that Dr. Nagarwala or Dr. Attar sought or obtained any libidinal gratification from subjecting the minor victims to FGM.

11

The indictment contains no such allegations, and at oral argument the government conceded that it has no evidence to this effect. Rather, the government focuses on the seriousness of defendants' abuse of the victims: Nagarwala "sexually abused her seven-year-old victims [by] . . . digitally manipulat[ing] and penetrat[ing] the genitals . . . with her hands and a cutting instrument to remove portions of their clitorises, clitoral hoods, and/or labia minora." Resp. Br. at 2. "She used a sharp tool to cut and remove skin . . . . The procedure was painful and caused blood loss. It was not a legitimate medical procedure." *Id.* at 7. Plainly, the government alleges that defendants seriously harmed the victims by touching, penetrating, and cutting their genitalia. However, while such touching, penetration, and cutting may be "criminal sexual conduct" under Michigan law or "sexual acts" under § 2246, they cannot fairly be characterized as "sexual activity" under § 2423(a).

In short, while the indictment may sufficiently allege a violation of the FGM statute – the statute adopted by Congress to address precisely such genital cutting – it does not allege that defendants transported minors intending that they engage in "sexual activity." "The temptation to stretch the law to fit the evil is an ancient one, and it must be resisted." *Moskal v. United States*, 498 U.S. 103, 132 (1990) (Scalia, J., dissenting). The government's temptation to stretch § 2423(a) to fit the evil allegedly done to the minor victims in the present case must likewise be resisted.

Accordingly,

IT IS ORDERED that defendants' motion to dismiss Count Six of the indictment is granted.

Dated: January 14, 2018         s/Bernard A. Friedman
      Detroit, Michigan            BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2018.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager