UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　No. 17-20274

　　　　Plaintiff,　　　　　　　　　　　　Hon. Bernard A. Friedman

　v.

D-1 JUMANA NAGARWALA
D-2 FAKHRUDDIN ATTAR
D-3 FARIDA ATTAR
D-4 TAHERA SHAFIQ
D-5 FARIDA ARIF
D-6 FATEMA DAHODWALA
D-7 HASEENA HALFAL
D-8 ZAINAB HARIYANAWALA

　　　　Defendants.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTION TO ADJOURN (R. 335)**

For the reasons stated below, this Court should deny defendants' joint motion for a 90-day adjournment and, instead, grant a 30-day adjournment.

　　　　　　　　　　　　　　　　MATTHEW J. SCHNEIDER
　　　　　　　　　　　　　　　　United States Attorney

1

|  |  |
|---|---|
| | s/ Amy Markopoulos |
| | Amy Markopoulos |
| | Trial Attorney |
| | 1400 New York Ave |
| | Washington DC 20005 |
| | Phone: (202) 230-0595 |
| Dated: September 19, 2018 | amy.markopoulos@usdoj.gov |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-1 JUMANA NAGARWALA,
D-2 FAKHRUDDIN ATTAR,
D-3 FARIDA ATTAR,
D-4 TAHERA SHAFIQ,
D-5 FARIDA ARIF
D-6 FATEMA DAHODWALA
D-7 HASEENA HALFAL
D-8 ZAINAB HARIYANAWALA

      Defendants.

No. 17-20274

Hon. Bernard A. Friedman

_____/

Defendants Jumana Nagarwala, Fakrhuddin Attar, Farida Attar, Tahera Shafiq, Farida Arif, Fatema Dahodwala, Haseena Halfal, and Zainab Hariyanawala filed a joint motion asking the Court to adjourn both the motions' deadline and trial date for 90 days. As noted in the defendants' joint motion, the Government does not concur in this request, but does concur in a 30-day adjournment. For the reasons stated below, a 30-day adjournment is sufficient for the defendants to file any additional motions and to appropriately prepare for trial. With a 30-day

3

adjournment, the defendants would still have almost seven weeks to file any motions specific to this third superseding indictment, and five months from the present date to prepare for trial.

I. PROCEDURAL HISTORY

As this Court knows, the charges in this case were initially brought almost 17 months ago. The substance of those charges remain largely unchanged. The same eight defendants have been charged in this case since September 2017, and the substance of the charges – that minor girls were brought to Michigan to have Nagarwala perform an FGM procedure on them – remain the same.

Jumana Nagarwala was arrested on a complaint on April 12, 2017. On April 26, 2017, a grand jury returned an Indictment against Jumana Nagarwala, Fakhruddin Attar and Farida Attar. [R. 16]. The Indictment alleged violations of the female genital mutilation statute (18 U.S.C. § 116), conspiracy to commit female genital mutilation (18 U.S.C. § 371); transportation with intent to engage in criminal sexual activity (18 U.S.C. § 2423(a)(e) (as to Nagarwala and Fakhruddin Attar)); and obstruction (18 U.S.C. § 1512). The allegations focused on the FGM procedures performed by Nagarwala on MV-1 and MV-2, both of whom

were brought from Minnesota to Michigan, with the assistance of the Attars.

A First Superseding Indictment was returned on June 21, 2017, against those three defendants, along with Tahera Shafiq, Farida Arif, and Fatema Dahodwala. [R. 58]. The Superseding Indictment alleged that, together with Nagarwala and the Attars, Tahera Shafiq assisted in the FGM procedures and two defendants (Arif and Dahodwala) brought minor victims to Nagarwala to have an FGM procedure performed. The Superseding Indictment also added four additional minor victims – all from Michigan – in addition to MV-1 and MV-2 from Minnesota.

On September 13, 2017, the grand jury returned a Second Superseding Indictment [R. 153]. Two additional defendants were charged – Halfal and Hariyanawala – who brought MV-1 and MV-2 from Minnesota to Michigan for the purposes of Nagarwala performing an FGM procedure on the minor victims. The substance of the remaining charges remained the same.

With respect to the transportation count, 18 U.S.C. § 2423(a), Nagarwala and Fakhruddin Attar then filed a motion to dismiss that count, Count 6, which this Court granted on January 14, 2018.

On September 12, 2018, a grand jury returned a Third Superseding Indictment. The indictment charges the same eight defendants with substantially the same crimes. The changes are as follows:

- Paragraphs about MV-7, MV-8 and MV-9 were added to the general allegations (¶¶ 16- 18);

- Paragraphs about FGM procedures by Defendant Nagarwala for MV-7, MV-8 and MV-9 were added to the manner and means of the conspiracy to commit FGM (¶¶27-35, 41-42);

- A count of female genital mutilation for MV-6 as to Defendants Nagarwala, Fakhruddin Attar, and Farida Attar (Count Six) was added;

- A count of conspiracy to travel with intent to engage in illicit sexual conduct (Count Seven) for Defendant Nagarwala was added.

Notably, none of the Defendants are charged in a substantive count of female genital mutilation for MV-7, MV-8 and MV-9. Instead, the Third Superseding Indictment added information about procedures for these victims to the conspiracy count (Count One). Although there is a new substantive FGM charge for MV-6, discovery regarding this victim

was previously provided to Defendants. Likewise, the new charge in Count Six is based on discovery previously provided to Defendants for MV-1 and MV-2.

II. ARGUMENT

On January 15, 2018, this Court set trial in this matter for January 15, 2019, with a motions cut off of July 2, 2018. [R. 269]. On April 26, 2018, the defendants requested, and were granted, a 90-day adjournment to the motions deadline, and a new deadline of October 2, 2018 was set. The grand jury returned the Third Superseding Indictment on September 12, 2018 – 4 months prior to the January 15, 2019 trial date. In recognition of the additional charges, the Government has agreed that a 30-day extension of the motions deadline and trial date, which would allow all defendants almost 5 months to prepare for trial, would be appropriate.

While these charges have been pending, the government has diligently been producing discovery, including the forensic examinations of MV-1 through MV-6. The defendants state that they need the additional time to review medical examinations of MV-7, MV-8, and MV-9 with their experts. On September 17, 2018, the government discussed

a timely plan for producing any additional, relevant discovery with counsel for the defendants. These additional allegations do not require a 90-day delay for a trial that is four months away. And the defendants state no other reason that would support their request for a 90-day continuance. A 30-day continuance is more appropriate, and would allow the defendants five months to prepare for trial.

### III. CONCLUSION

For these reasons, the Defendants' motion for a 90-day continuance should be denied and, instead, a 30-day continuance should be granted. As was ordered by the Court, the Government will be available to discuss a trial date at the September 26 motion hearing.

<div style="margin-left: 50%;">

Respectfully submitted,

MATTHEW J. SCHNEIDER
United States Attorney

*s/Amy Markopoulos*
AMY MARKOPOULOS
MALISA DUBAL
Trial Attorneys
Department of Justice, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005

SARA D. WOODWARD
JOHN NEAL
Assistant United States Attorneys

</div>

Dated: September 19, 2018            211 West Fort Street, Ste. 2001
                                                                  Detroit, MI 48226-3220

## **CERTIFICATE OF SERVICE**

I certify that on September 19, 2018, I electronically filed this motion response for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to counsel of record.

<div style="text-align:right">

/s/ Amy M. Markopoulos
Trial Attorney
Department of Justice

</div>