UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                     No. 17-20274

    Plaintiff,                              Hon. Bernard A. Friedman

v.

D-1 JUMANA NAGARWALA,
D-2 FAKHRUDDIN ATTAR,
D-3 FARIDA ATTAR,
D-4 TAHERA SHAFIQ,
D-5 FARIDA ARIF,
D-6 FATEMA DAHODWALA,
D-7 HASEENA HALFAL,
D-8 ZAINAB HARIYANAWALA,

    Defendants.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTION TO DETERMINE ADMISSABILITY OF CO-CONSPIRATOR
STATEMENTS AND PARTY ADMISSIONS BEFORE TRIAL

For the reasons set forth in the attached brief, this Court should deny Defendants' Motion to Determine Admissibility of Co-Conspirator Statements and Party Admissions Before Trial.

        Respectfully submitted,


        <u>*s/John K. Neal*</u>
        SARA D. WOODWARD
        JOHN K. NEAL
        Assistant United States Attorneys
        211 West Fort Street, Ste. 2001
        Detroit, MI 48226-3220

        MALISA DUBAL
        AMY MARKOPOULOS
        Trial Attorneys
        Department of Justice, Fraud Section
        1400 New York Avenue, NW
        Washington, DC 20005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　No. 17-20274

　　　　Plaintiff,　　　　　　　　　　　Hon. Bernard A. Friedman

　　v.

D-1 JUMANA NAGARWALA,
D-2 FAKHRUDDIN ATTAR,
D-3 FARIDA ATTAR,
D-4 TAHERA SHAFIQ,
D-5 FARIDA ARIF,
D-6 FATEMA DAHODWALA,
D-7 HASEENA HALFAL,
D-8 ZAINAB HARIYANAWALA,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　　/

BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE
TO DEFENDANTS' MOTION TO DETERMINE ADMISSABILITY OF CO-
CONSPIRATOR STATEMENTS AND PARTY ADMISSIONS BEFORE TRIAL
(D. 325)

　　　　The defendants in this case have filed a motion requesting that the Court hold a pretrial hearing to determine the admissibility of alleged co-conspirator statements that the government intends to introduce at trial. The United States respectfully opposes this motion. Such pretrial hearings are not required by the Federal Rules of Evidence, not required by any discovery rule, and would constitute a significant

3

waste of time and resources for both the Court and the United States. The preferred practice in this Circuit is for the trial court to admit the statements of co-conspirators conditionally, subject to the government establishing the elements of admissibility under Federal Rule of Evidence 801(d)(2)(E) by a preponderance of the evidence at the conclusion of the government's case. That common practice should be employed here, and Defendants' motion should be denied.

## Background

The Third Superseding Indictment in this case, returned on September 12, 2018, alleges, among other things, that all of the defendants conspired to commit female genital mutilation in violation of 18 U.S.C § 371, that certain of the defendants conspired to obstruct justice in violation of 18 U.S.C § 1512(k), and that defendant Nagarwala entered into a conspiracy to have others travel for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(h). To prove these charges, the government intends to rely in part on the statements of co-conspirators made during and in furtherance of these conspiracies. Such co-conspirator declarations are not hearsay and are admissible pursuant to F.R.E. 801(d)(2)(E). The statements the government will seek to introduce under this Rule take various forms. Some of the relevant co-conspirator declarations will be excerpts of calls intercepted during the wiretaps of Jumana Nagarwala and Fakhruddin Attar's telephones. Other such co-conspirator declarations are in the

form of text messages exchanged between co-conspirators during the course of the relevant conspiracies. The government anticipates that still other co-conspirator declarations will be presented through cooperating witnesses, who will recount conversations with co-conspirators that fall within the ambit of Rule 801(d)(2)(E). As is typical in large-scale, multi-defendant conspiracy cases, a substantial portion of the government's case will consist of such evidence.

The defendants in this case, through the instant motion, ask the Court to conduct a pretrial hearing to assess the admissibility of all of these statements. Such a procedure would likely require the government to call numerous witnesses and to present much of its substantive proof at the hearing. The case law occasionally refers to such hearings as "mini-trials"; in this case, the "mini" designation may be optimistic. The government estimates that a pre-trial hearing for this purpose would likely take several weeks, and would substantially replicate large portions of the government's proofs at trial.

## Analysis

The parties agree on the essential elements of admissibility for co-conspirator declarations pursuant to Rule 801(d)(2)(E). Those elements are: (1) that a conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the statement was made by a conspirator in the course of and in furtherance of the conspiracy. *See United States v. Enright*, 579 F.2d 980 (6th Cir.

1978). The court must find these three elements have been met using a preponderance standard, and may use the statements themselves in making that decision. *Bourjaily v. United States*, 483 U.S. 171.

The only substantial issue presented in the defendant's motion is <u>when</u> the court will make its finding on these elements. The Sixth Circuit has long held that the trial court has the discretion to admit co-conspirator testimony conditionally, reserving its decision as to whether the government has satisfied those three elements until the close of the government's case. *See United States v. Vinson,* 606 F.2d 149, 152 (6th Cir. 1979). The conditional-admission procedure set forth in *Vinson* has become well established in the Circuit, and is the preferred method for determining the admissibility of co-conspirator statements. *See, e.g. United States v. Holloway,* 740 F. 1373, 1375 n.2 (recognizing option is "firmly entrenched in this circuit's practice."); *United States v. Johnston*, 2013 WL 3423268, at *3 (E.D. Ky 2013) (conditionally admitting co-conspirator statements "appears to be most widely used in this circuit"); *United States v. Driver*, 2011 WL 761496 at *6 (E.D. Mich. 2011 ("It appears the general practice is to conditionally allow the admission of co-conspirator statements to prove the charged conspiracy.") ; *United States v. Coffman*, 2010 WL 3924671 (E.D. Ky. 2011) (conditional admission is "an implied preference in this Circuit . . . ."). In the *Vinson* case, the Sixth Circuit noted that the process of holding a "mini-trial" outside of the presence of the jury

6

to determine the admissibility of co-conspirator statements has been criticized as "burdensome, time consuming, and uneconomic." *Vinson,* 606 F.2d at 152. A mini-trial in a case such as this one, with several charged conspiracies and numerous statements from multiple co-conspirators made in furtherance of those conspiracies, would take a substantial amount of time for the parties and the Court. The government would then have to present the same evidence for a second time at the trial of this matter. The warning in *Vinson* about the "burdensome, time consuming, and uneconomic" nature of pretrial *Enright* hearings applies with special force in a complex case such as this one, as it would involve the duplicative presentation of a great deal of testimony and evidence.

Given the nature of this case, the most efficient and appropriate time for determining the admissibility of statements under Rule 801(d)(2)(E) is at the close of the government's proofs. Defendants often move for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure at the conclusion of the government's case. Note that the first two elements of the *Enright* test – whether the government has proven a conspiracy and whether the defendant was a member of the conspiracy – are identical to the question the Court would need to decide in determining whether to dismiss the conspiracy charge as to any particular defendant. *See* 6th Cir. Pattern Jury Instruction 3.01A (elements of basic conspiracy charge). The only difference in the inquiry is the standard of proof. If the Court

determines that the government's proofs are such that "no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt," then the conspiracy count would be dismissed, and the question of whether the government established the existence of a conspiracy and the participation of the defendant by a preponderance is moot. A pretrial determination of the *Enright* factors, using a lower standard of proof, is largely duplicative of the determination the court will have to make at the Rule 29 stage. It is a waste of the Court's time and resources to evaluate this material first under a preponderance standard at a pretrial hearing, and later under the applicable Rule 29 standard, when the relevant assessments could be made at one time at the conclusion of the government's case.

     The third element of the *Enright* test, that the statements were made during and in furtherance of the conspiracy, is also better assessed at the conclusion of the government's case at trial. The Court will then have the opportunity to evaluate the nature of the co-conspirator statements in the context of the entirety of the government's case. Some of the co-conspirator statements may be admissible against the defendants on other bases, such as that the statements are non-assertions or fit within another hearsay exception. The potentially independent admissibility of such statements makes a pretrial hearing even more unnecessary; as one court noted, "to the extent these statements are independently admissible against defendants, this further confirms that holding a pre-trial hearing on whether

the statements also qualify as co-conspirator statements would be a waste of time and resources." *United States v. Norwood*, 2014 WL 1795560 at *3 (E.D. Mich. 2014).

Defendants further argue that the government may seek to introduce co-conspirator statements that implicate *Bruton v United States*, 391 U.S. 123 (1968), which generally bars the use of a co-defendant's co-implicating confession against a defendant. Defendants assert that the introduction of such statements would necessitate a mistrial. However, it is well established that the *Bruton* rule does not apply to non-testimonial statements by made by co-conspirators that are otherwise admissible under Rule 801(d)(2)(E). *See United States v. Kendricks*, 623 F.2d 1165, 1167 (6th Cir. 1980) (rejecting defendant's argument that *Bruton* prohibits co-conspirator's statements); *Campbell v. United States*, 415 F.2d 356, 357 (6th Cir. 1969) ("[t]he co-conspirator exception to the hearsay rule is a narrow but well-established exception [to *Bruton*] which has been frequently sanctioned and scrupulously applied by the federal courts."); *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (holding that "*Bruton* does not apply where the hearsay statement is otherwise admissible under Rule 801(d)(2)(E)").

The defendants' motion for a pretrial hearing appears designed to give the defendants an opportunity to circumvent the rules of pretrial discovery and to obtain a detailed preview of the government's case. Such a hearing is contrary to

the legislative intent of Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. The defendants are not entitled to pretrial depositions of the government's witnesses, nor are they entitled to a dress rehearsal of the government's case at trial. The Court should not hold an unnecessary, lengthy hearing to give them an opportunity to obtain that to which they are not entitled.

## Conclusion

For the foregoing reasons, the government respectfully requests that defendants' motion be denied.

Respectfully submitted,

*s/John K. Neal*
SARA D. WOODWARD
JOHN K. NEAL
Assistant United States Attorneys
211 West Fort Street, Ste. 2001
Detroit, MI 48226-3220

MALISA DUBAL
AMY MARKOPOULOS
Trial Attorneys
Department of Justice, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005

Dated: September 27, 2018

CERTIFICATE OF SERVICE

I certify that on September 27, 2018, I electronically filed this motion response for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to counsel of record.

s/John K. Neal
Assistant United States Attorney
