# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JUMANA NAGARWALA, D-1,

     Defendant.

_____/

No. 17-cr-20274

Honorable Bernard A. Friedman

**MOTION TO DISMISS COUNT SEVEN OF THE THIRD SUPERSEDING INDICTMENT**

Defendant Jumana Nagarwala, M.D., through her attorney, Shannon Smith, respectfully requests that this Court dismiss count seven of the third superseding indictment, pursuant to Federal Rule of Criminal Procedure 12(b), because the conduct of Dr. Nagarwala does not fall within the proscriptions of the statute. Concurrence from the government was sought for the instant motion but denied.

                        Respectfully submitted,

Dated: November 29, 2018     /s/ Shannon M. Smith
                        SHANNON M. SMITH
                        Attorney for Jumana Nagarwala

Dated: November 29, 2018     /s/ Molly S. Blythe
                        MOLLY S. BLYTHE
                        Attorney for Jumana Nagarwala

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,     No. 17-cr-20274

     Plaintiff,     Honorable Bernard A. Friedman

v.     **BRIEF IN SUPPORT OF
MOTION TO DISMISS
COUNT SEVEN OF THE
THIRD SUPERSEDING
INDICTMENT**

JUMANA NAGARWALA, D-1,

     Defendant.

_____/

On April 12, 2017, a criminal complaint was issued in this instant case, charging Dr. Jumama Nagarwala, in part, with Conspiracy to Transport a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a), (e). The same was alleged in Count Four of the initial Indictment, filed on April 26, 2017, and Count Six of the Second Superseding Indictment, filed September 13, 2017. As explained by the government, "Count Six of the Second Superseding Indictment charge[d] Nagarwala and Attar with conspiring to transport two minor victims from Minnesota to Michigan for the purpose of

engaging in [FGM], in violation of 18 U.S.C. § 2423(a), (e)." Government Response, Doc. 200, PAGE ID 1559.

On September 20, 2017, Dr. Nagarwala and Dr. Attar filed a Motion to Dismiss Count Six of the Second Superseding Indictment, asserting that the conduct of Dr. Nagarwala and Dr. Attar did not fall within the proscriptions of 18 U.S.C. § 2423(a) because female genital mutilation is not "criminal sexual activity." On January 14, 2018, this Court granted Defendants' Motion to Dismiss Count Six and explained, "The facts alleged in the indictment do not support this charge because, as a matter of law, FGM, while a prohibited criminal act, is not 'criminal sexual activity.' " Opinion and Order, Doc. 268, PAGE ID 1917. On February 15, 2018, the government filed its Notice of Appeal with respect to this Court's order, but on March 30, 2018, the government voluntarily dismissed its appeal.

More than a year and a half after the original criminal complaint, on September 12, 2018, a Third Superseding Indictment was issued, in which Dr. Nagarwala is charged with Conspiracy to Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), (e). 18 U.S.C. 2423(b) provides as follows:

> A person who travels in interstate commerce…for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.[1]

18 U.S.C. § 2423(e) provides that "[w]hoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall be punishable in the same manner as a completed violation of that subsection."

Here, however, accepting the government's allegations as true for purposes of this Motion, Count Seven must be dismissed as a matter of law because there was no agreement to commit the substantive offense, which would require a person to travel in interstate commerce for the purpose of personally engaging in illicit sexual conduct with another. This Court has the authority to dismiss count seven of the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

---

[1] "Illicit sexual conduct" is defined as "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States[.]" 18 U.S.C. § 2423(f)(1). 18 U.S.C. § 2246 defined "sexual" act, in part, as:

> (c) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

> (d) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

"Moreover, district courts may make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate finder of fact." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992). The issue in the instant case is a question of law that is capable of determination before trial. *Id.* at 470; see also *United States v. Jones*, 542 F.2d 661, 664-665 (6th Cir. 1976).

Specifically, the Indictment alleges the following acts relevant to Count Seven:

- Jumana Nagarwala, Haseena Halfal, and Zainab Hariyanawala are members of a community, some members of which "are known to practice female genital mutilation (FGM) on young girls within the Community." (¶¶ 1, 19);

- MV-1, a girl, is a resident of Minnesota and was born in 2010. (¶ 10);

- MV-2, a girl, is a resident of Minnesota and was born in 2010. (¶ 11);

- On or about February 3, 2017, Haseena Halfal, MV-1, Zainab Hariyanawala, and MV-2 traveled by car from Minnesota to Michigan **for the purpose of having Jumana Nagarwala perform FGM** on MV-1 and MV-2. (¶ 46); and

- On or about February 3, 2017, Jumana Nagarwala performed an FGM procedure on MV-1 and MV-2 at Burbank Medical Clinic. (¶¶ 50, 51).

(emphasis added).

With regard to 18 U.S.C. § 2423(b), however, conviction "turns simply on the illegal purpose for which [the defendant] traveled." *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007). Consequently, it is the offender's mental state whilst traveling that is determinative of criminal culpability, and the plain language of section 2423(b) is clear that to violate the statute, the person moving in interstate commerce must do so with the intent to engage in illicit sexual conduct with another person.[2]

Here, however, the government does not allege that Halfal or Hariyanawala traveled for the purpose of personally engaging in illicit sexual conduct. Instead, the government has consistently indicated that "[o]n February 3, 2017, co-defendants Haseena Halfal and Zainab Hariyanawala brought their seven-year-old daughters (MV-1 and MV-2) from Minnesota to Michigan for Nagarwala to perform FGM on their genitals." Government Response, Doc. 200, PAGE ID 1560 (emphasis

---

[2] "In the context of criminal law, 'intentionally' can be synonymous with 'purposely[.]' " *United States v. Rose*, 896 F.3d 104, 112 (1st Cir. 2018) (citing Model Penal Code § 1.13 (Am. Law Inst. 2017)); *see also United States v. Hughes*, 632 F.3d 956, 961 (6th Cir. 2011) (distinguishing § 2423(b) from § 2422(b) because "§ 2423(b) requires interstate travel and intent to engage in sexual conduct".)

added). Consequently, there was no agreement to violate the statute because there was no agreement that someone would travel in interstate commerce for the purpose of that person engaging in illicit sexual conduct.

The essence of the crime of conspiracy is an **agreement** to commit an unlawful act. *Iannelli v. United States*, 420 U.S. 770, 777 (1975)(emphasis added). As the Supreme Court explained in *Ocasio v. United States*, 136 S.Ct. 1423, 1429 (2016):

> Although conspirators must "pursue the same criminal objective," "a conspirator [need] not agree to commit or facilitate each and every part of the substantive offense." *Salinas* [*v. United States*, 522 U.S. 52, 63 (1997). <u>A defendant must merely reach an agreement with the "specific intent that the underlying crime be committed" by some member of the conspiracy.</u> 2 K. O'Malley, J. Grening, & W. Lee, Federal Jury Practice and Instructions: Criminal § 31:03, p. 225 (6th ed. 2008); see also *id.,* § 31:02, at 220 (explaining that a <u>defendant must</u> "<u>**intend to agree** and must intend that the substantive offense be committed.</u>"

(emphasis added).

Here, Dr. Nagarwala, Mrs. Halfal, and Mrs. Hariyanawala never possessed the specific intent that the underlying crime be committed because the crime requires that the person traveling do so with the intent to personally engage in illicit sexual conduct. The government

cannot, under the guise of a conspiracy, divide the conduct among multiple people that the statute requires of one person. Assuming that the government's claims are true, Mrs. Halfal and Mrs. Hariyanawala travelled, but they did not engage in illicit sexual conduct with another person. Likewise, while Dr. Nagarwala may have engaged in the claimed conduct, she did not travel in interstate commerce. The government cannot merge the conduct of these different individuals to meet the required statutory elements. As a result, there was no intent or agreement to commit the underlying crime, and there can be no conspiracy. Thus, the charge against Dr. Nagarwala must be dismissed.

Respectfully submitted,

Dated: November 29, 2018     /s/ Shannon M. Smith
                             SHANNON M. SMITH
                             Attorney for Jumana Nagarwala

Dated: November 29, 2018     /s/ Molly S. Blythe
                             MOLLY S. BLYTHE
                             Attorney for Jumana Nagarwala

## Certificate of Service

I hereby certify that on July 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/ Shannon M. Smith
SHANNON M. SMITH
Attorney for Defendant Jumana Nagarwala
Smith Blythe, PC
1668 South Telegraph Road
Suite 140
Bloomfield Hills, Michigan 48302
(248) 636-2595
attorneyshannon@gmail.com