UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-cr-20274 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | **MOTION TO AMEND BOND CONDITIONS** |
| JUMANA NAGARWALA, D-1, | |
| Defendant. | |
| _____/ | |

Defendant Jumana Nagarwala, M.D., through her attorneys, Shannon Smith and Molly Blythe, respectfully moves this Court to amend her bond conditions. Counsel sought concurrence for the relief requested herein, but the request was denied by the government.

Respectfully submitted,

Dated: December 7, 2018     /s/ Shannon M. Smith
                            SHANNON M. SMITH
                            Attorney for Jumana Nagarwala

Dated: December 7, 2018     /s/ Molly S. Blythe
                            MOLLY S. BLYTHE
                            Attorney for Jumana Nagarwala

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-cr-20274 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | **BRIEF IN SUPPORT OF MOTION TO AMEND BOND CONDITIONS** |
| JUMANA NAGARWALA, D-1, | |
| Defendant. | |

The instant case has been pending against Dr. Jumana Nagarwala since she was arrested on April 12, 2017. After three superseding indictments and dismissals of various counts by this Court, the charges against Dr. Nagarwala have changed numerous times.

When this case began, Dr. Nagarwala was subject to pretrial detention. After spending approximately seven months in jail, however, this Court granted Dr. Nagawala's Motion for Pretrial Release and entered an Order Setting Conditions of Release on November 21, 2017. (Doc. 233.) One such condition was that Dr. Nagarwala be placed in the

custody of a third party custodian, her father Fakhruddin Kurawadwala. (Doc 233, Page ID # 1709.)

Initially, Pretrial Services interpreted the Order to mean that Dr. Nagarwala had to be supervised and in the physical presence of her custodian 24 hours a day. At the time, a pending child protective proceeding in State Court prevented Dr. Nagarwala from residing in her residence. Consequently, the condition of release that required Dr. Nagarwala to participate in home incarceration occurred in in the context of a hotel, and her third party custodian was required to be present at the hotel at all times.

On November 27, 2017, Dr. Nagarwala asked this Court to clarify its Order Setting Conditions of Release with regard to what was required of her third party custodian. (Doc. 232). On February 1, 2018, this Court ordered that Dr. Nagarwala was to be supervised by her custodian from 9:00 a.m. until 10:00 p.m. (Doc. 277.) The Court also ordered that additional third party custodians could be appointed to supervise Dr. Nagarwala. (Doc. 277.) Dr. Nagarwala's mother, Raika Kurawadwala, was subsequently approved to be an additional third party custodian.

3

In April of 2018, the juvenile court permitted Dr. Nagarwala to move back into her residence. Due to the fact Mr. and Mrs. Kurawadwala's primary residence is located in Maryland, they also reside in the Nagarwala residence when supervising their daughter.

On September 12, 2018, a Third Superseding Indictment was issued. (Doc. 334.) After a Motion by the defense challenging Congress' authority to enact 18 U.S.C. § 116(a), the Court issued an Opinion and Order Dismissing Counts 1 through 6 of the Third Superseding Indictment on November 20, 2018. (Doc. 370.). Previously, in January of 2018, the Court also dismissed a life offense, namely Count 6 of the Second Superseding Indictment for "Conspiracy to Transport Minor with Intent to Engage in Criminal Sexual Activity." (Doc. 268.)

At this time, Dr. Nagarwala remains charged with two counts: one count of Conspiracy to Travel with Intent to Engage in Illicit Sexual Conduct (Doc. 334, Page ID # 2471.) and one count of Conspiracy to Obstruct an Official Proceeding (Doc. 334, Page ID # 2472.). Dr. Nagarwala, through her attorneys, has filed a Motion to Dismiss the new travel charge from the Third Superseding Indictment, however, this is yet to be scheduled for hearing before the Court. (Doc. 373.)

Due to the fact that Dr. Nagarwala is now residing in the same residence as her third party custodian and in light of the Court's recent decision dismissing all but two counts against Dr. Nagarwala, Dr. Nagarwala respectfully requests that her bond conditions be reviewed and revised. Specifically, Dr. Nagarwala respectfully requests that the Court remove the requirement that she remain in third party custody.

In the alternative, Dr. Nagarwala respectfully requests that the Court reduce the number of daytime hours she is to be supervised and instead require a third party custodian to be present in the home during all nighttime hours. This would allow the custodians the flexibility to do simple tasks, such as going to the grocery store, picking the children up from school, getting haircuts, and attending mosque services, while also allowing them to provide adequate supervision, including the requirement that each night a third party custodian must be present in the home.

As this Court is undoubtedly aware, an order of pretrial release must be subject to the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person in the community. 18 U.S.C.

§ 3142(c). Dr. Nagarwala is certainly not a flight risk as she does not have her passport and is currently on house arrest with a tether. Further, Dr. Nagarwala does not pose a risk to the safety of persons in the community. She has no criminal history whatsoever and has been consistently compliant with the bond conditions imposed by this court.

There has not been one allegation of a bond violation brought against any of the defendants, including Dr. Nagarwala, in this case in the one year and over seven months that this case has been pending. Accordingly, Dr. Nagarwala respectfully requests that this Court review and revise her bond conditions.

Respectfully submitted,

Dated: December 7, 2018         /s/ Shannon M. Smith
                                SHANNON M. SMITH
                                Attorney for Jumana Nagarwala

Dated: December 7, 2018         /s/ Molly S. Blythe
                                MOLLY S. BLYTHE
                                Attorney for Jumana Nagarwala

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th of December 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the

6

ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/ Shannon M. Smith
SHANNON M. SMITH
Attorney for Defendant Jumana Nagarwala
Smith Blythe, PC
1668 South Telegraph Road
Suite 140
Bloomfield Hills, Michigan 48302
(248) 636-2595
attorneyshannon@gmail.com
