UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUMANA NAGARWALA, et al.,

    Defendants.

                                /

Criminal No. 17-CR-20274-01

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER GRANTING DEFENDANT NAGARWALA'S MOTION TO DISMISS COUNT SEVEN OF THE THIRD SUPERSEDING INDICTMENT**

This matter is presently before the Court on the motion of defendant Jumana Nagarwala (hereinafter, "defendant" or "Nagarwala") to dismiss count seven of the third superseding indictment (hereinafter, "the indictment") [docket entry 373]. The government has filed a response in opposition, and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall grant the motion.

*Background*

This case concerns female genital mutilation ("FGM"). The indictment alleges that Nagarwala performed the procedure; that defendant Fakhruddin Attar allowed her to use his clinic in Livonia, Michigan, to perform the procedure; that defendants Farida Attar and Tahera Shafiq assisted Nagarwala in performing the procedure; and that the other defendants (Farida Arif, Fatema Dahodwala, Haseena Halfal, and Zainab Hariyanawala), who are the mothers of the victims, brought their daughters to the clinic for the procedure. The government alleges that four of the victims are residents of Michigan, three are residents of Illinois, and two (identified as Minor Victims ["MV"] 1 and 2) are residents of Minnesota.

Count one of the indictment charges all of the defendants with conspiracy to commit FGM, in violation of 18 U.S.C. § 371. Counts two through six charge all of the defendants with committing FGM and with aiding and abetting each other in doing so, in violation of 18 U.S.C. §§ 116 and 2. Count seven charges Nagarwala with conspiracy to travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) and (e). And count eight charges four of the defendants with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k). The Court has dismissed counts one through six on the grounds that § 116 is unconstitutional. Therefore, only counts seven and eight remain.

*Defendant Nagarwala's Motion to Dismiss*

Defendant Nagarwala seeks dismissal of count seven, which alleges:

**COUNT SEVEN**

*Conspiracy to Travel with Intent to Engage in Illicit Sexual Conduct*
18 U.S.C. § 2423(b), (e)

**D-1 JUMANA NAGARWALA**

54. Paragraphs 1 through 19 of the General Allegations and paragraphs 23 through 26 of the Manner and Means of this Third Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

55. From January 2017 to February 4, 2017, in the Eastern District of Michigan and elsewhere, the defendant, JUMANA NAGARWALA, did knowingly and willfully conspire and agree with other persons both known and unknown to the Grand Jury, for persons to travel in interstate commerce, that is, from the State of Minnesota to the State of Michigan, for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f)(1), with MV-1 and MV-2, in violation of Title 18 U.S.C. § 2423(b), (e).

Section 2423(b) and (e) state:

**(b) Travel with intent to engage in illicit sexual conduct**.–A person

2

> who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, with a motivating purpose[1] of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.
>
> \* \* \*
>
> **(e) Attempt and conspiracy**.–Whoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall be punishable in the same manner as a completed violation of that subsection.

Section 2423(f)(1) states:

> **(f) Definition**.–As used in this section, the term "illicit sexual conduct" means–
>
> (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; . . . .

And § 2246 states, in relevant part:

> (2) the term "sexual act" means–
>
> \* \* \*
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; . . . .

---

[1] This is the current wording of the statute, effective December 21, 2018. It appears that at the time the indictment was filed (September 12, 2018) the wording was slightly different, stating "for the purpose of engaging" instead of "with a motivating purpose of engaging." The parties do not comment on this difference, and it appears to be irrelevant to the instant motion.

3

Defendant's motion is brought under Fed. R. Crim. P. 12(b)(3)(B)(v), which allows a defendant to challenge an indictment for "failure to state an offense." The legal standards governing the motion have been stated as follows:

> In general, an indictment is constitutionally adequate if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000); *United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997). However, it is axiomatic that, "[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) (citing *Fleisher v. United States*, 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208 (1937)) (per curiam); *cf. Hamling*, 418 U.S. at 117, 94 S.Ct. 2887 (stating that an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words ... fully, directly, and expressly ... set forth all the elements necessary to constitute the offense intended to be punished." (citations omitted)). An indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense. *Hamling*, 418 U.S. at 117, 94 S.Ct. 2887; *Monus*, 128 F.3d at 388. At the same time, the Supreme Court has cautioned: "Undoubtedly the language of the statute may be used in the general description of the offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18, 94 S.Ct. 2887 (quotation marks omitted) (emphasis added).
>
> Further, courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based. *See Costello v. United States*, 350 U.S. 359, 362-63, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Powell*, 823 F.2d 996, 999-1001 (6th Cir. 1987); *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982) (stating that the "validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay"); *United States v. Short*, 671 F.2d 178, 182 (6th Cir. 1982) (stating that criminal cases should

> not be "further attenuated by preliminary trials concerning the adequacy of grand jury proceedings, a concern particularly noted in *Costello*" (quotation marks omitted)). . . .

*United States v. Landham*, 251 F.3d 1072, 1079-80 (6th Cir. 2001) (footnotes omitted).

Additionally, criminal statutes "must be strictly construed, and any ambiguity must be resolved in favor of lenity." *United States v. Enmons*, 410 U.S. 396, 411 (1973).

> Defendant argues that count seven should be dismissed
>
> because there was no agreement to commit the substantive offense, which would require a person to travel in interstate commerce for the purpose of personally engaging in illicit sexual conduct with another.
>
> \* \* \*
>
> [T]he crime requires that the person traveling do so with the intent to personally engage in illicit sexual conduct. The government cannot, under the guise of a conspiracy, divide the conduct among multiple people that the statute requires of one person. Assuming that the government's claims are true, Mrs. Halfal and Mrs. Hariyanawala [the mothers of MV-1 and MV-2] travelled, but they did not engage in illicit sexual conduct with another person. Likewise, while Dr. Nagarwala may have engaged in the claimed conduct, she did not travel in interstate commerce. The government cannot merge the conduct of these different individuals to meet the required statutory elements. As a result, there was no intent or agreement to commit the underlying crime, and there can be no conspiracy. Thus, the charge against Dr. Nagarwala must be dismissed.

Def.'s Br. at 4, 7-8. In response, the government argues that the mothers of MV-1 and MV-2 violated § 2423(b) because they traveled with the intent to engage in FGM and that Nagarwala conspired with them to do so.

*Discussion*

Having considered the parties' arguments, the Court concludes that count seven must be dismissed because it fails to state an offense in light of the facts alleged in the indictment.

5

Section 2423(b) makes it a crime for a person to travel in interstate commerce "with a motivating purpose of engaging in any illicit sexual conduct with another person," and § 2423(e) makes it a crime to conspire to do so. For present purposes, the Court assumes that FGM meets the definition of "illicit sexual conduct" under § 2423(b). Nonetheless, the indictment in the present case does not allege facts "which, if proved, would establish prima facie the defendant's commission of" the crime of conspiring to violate § 2423(b).

The government acknowledges that "[t]o convict a defendant under § 2423(b), the government must show (1) that a person traveled in interstate commerce; and (2) that the person did so with intent to engage in illicit sexual conduct." Pl.'s Resp. Br. at 7 (citing Sixth Circuit Pattern Jury Instructions, 16.11). *See also United States v. Johnson*, 775 F. App'x 794, 797-98 (6th Cir. 2019) (identifying these as the elements); *United States v. DeCarlo*, 434 F.3d 447, 456 (6th Cir. 2006) (same). The government concedes that Nagarwala did not violate § 2423(b) because she did not travel, but it contends that "[t]he Minnesota mothers engaged in FGM," arguably a form of illicit sexual conduct, because they traveled interstate knowing that Nagarwala would perform this procedure while they waited "no more than 20 feet away" in the clinic's lobby. Pl.'s Resp. Br. at 4, 8-9. Notably, the indictment does not charge the mothers with violating § 2423(b).

In support of its contention that the mothers engaged in FGM, the government points to the following dictionary definitions:

> The most pertinent definition of the verb "engaging" found in the American Heritage Dictionary is: "[t]o involve oneself or become occupied; participate." American Heritage Dictionary, 3rd Ed., p. 610 (1992). The Merriam-Webster dictionary likewise defines the verb as "to do or take part in something." See Merriam-Webster Dictionary Online, found at https://www.merriam-webster.com/dictionary/engage (2019).

6

*Id.* at 9-10. To be sure, these definitions are found at the cited sources, but so are these: "To involve oneself or become occupied; participate: engage in conversation"[2]; "to induce to participate," "to deal with especially at length," "to begin and carry on an enterprise or activity"[3]; "[i]f you engage in an activity, you do it or are actively involved with it"[4]; "to occupy or involve oneself; take part; be active: to engage in dramatics"[5]; and "[t]o embark in any business" and "to enter upon or employ oneself in an action."[6]

Plainly, if one is engaged in an activity, one is *actively* involved in it, i.e., *doing* the activity. Just as one cannot engage in a conversation by sitting silently while others converse in an adjacent room, one cannot engage in FGM by waiting in the clinic's lobby while others perform the procedure in the nearby examination room. The active role required by § 2423(b) is further clarified by the statute's requirement that the defendant travel "for the purpose of engaging in any illicit sexual conduct *with* another person" (emphasis added). One can engage in "sexual conduct with another person" only by being a physically present and active participant in that conduct. That is, engaging in sexual conduct with a person means having actual sexual contact with that person.

Further evidence that "engaging in any illicit sexual conduct with another person" means being a direct, active participant in such conduct can be found in the way Congress uses the terms "engage in," "engages in," and "engaging in" in the many other statutes relating to criminal

---

[2] https://ahdictionary.com/word/search.html?q=engage (visited March 3, 2020).

[3] https://www.merriam-webster.com/dictionary/engage (visited March 3, 2020).

[4] https://www.collinsdictionary.com/us/dictionary/english/engage (visited March 3, 2020).

[5] https://www.yourdictionary.com/engage (visited March 3, 2020).

[6] https://www.oed.com (visited March 3, 2020).

sexual conduct, acts, and activity.[7] In every instance, Congress has clearly meant that a person who "engages in" such conduct is a direct, "hands on" participant in it.

For purposes of deciding this motion, the Court assumes the truth of the government's assertion that "[t]he mothers intended that FGM occur; they facilitated it, and they were instrumental to their daughters being subjected to it. Their travel across state lines was for the specific purpose of having Nagarwala perform this procedure on their daughters." Pl.'s Resp. Br. at 11. However, under this scenario the mothers did not travel "with a motivating purpose of engaging in any illicit sexual conduct with another person," as § 2423(b) requires. Rather, the mothers traveled with a motivating purpose of *allowing someone else* (i.e., Nagarwala) to engage in such conduct while they waited in another room. However one might characterize the actions of the mothers, they did not violate § 2423(b) because, as the government acknowledges, they did not travel with the intent to engage in (i.e., to commit) FGM themselves.

The government does not allege that anyone aside from the mothers – including

---

[7] *See, e.g.,* 18 U.S.C. §§ 1591(a) (prohibiting causing a minor "to engage in a commercial sex act"); 2241(a) (prohibiting causing "another person to engage in a sexual act" by force or threat); 2242 (prohibiting "caus[ing] another person to engage in a sexual act" by threat); 2243(a) (regarding conduct of a person who "knowingly engages in a sexual act with" a child who is between twelve and sixteen years old); 2251(a) (prohibiting the coercion of any minor to "engage in . . . any sexually explicit conduct"); 2251A(a)(1) (prohibiting a person with custody of a minor from selling the minor with knowledge "the minor will be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct"); 2252A(a)(3)(B) (prohibiting using the mails to distribute a depiction of a minor "engaging in sexually explicit conduct"); 2256(8) (defining child pornography as a depiction of a "minor engaging in sexually explicit conduct"); 2421(a) (prohibiting the transportation of an individual "with intent that such individual engage in prostitution . . . or in any sexual activity for which any person can be charged with a criminal offense"); and 2422 (prohibiting the coercion of an individual to travel to "engage in prostitution . . . or in any sexual activity for which any person can be charged with a criminal offense").

Nagarwala – violated § 2423(b). Having determined that, on the facts as presented by the government, no violation of § 2423(b) is alleged to have occurred in this case, the Court must dispose of count seven, which charges Nagarwala with conspiring to violate § 2423(b). The mothers did not violate § 2423(b) because they did not travel with intent to personally engage in FGM; and Nagarwala did not violate § 2423(b) because she did not travel. Unable to charge either the mothers or Nagarwala under § 2423(b), the government has elected to charge Nagarwala (but not the mothers) with *conspiring* to violate § 2423(b) on the theory that the three agreed that the mothers would travel and that Nagarwala would perform FGM, and therefore "each element of the offense was . . . satisfied by the conspiracy as a whole."[8] Pl.'s Resp. Br. at 17.

This argument is unavailing. Section 2423(b) proscribes traveling with a certain unlawful intent, namely, "with a motivating purpose of engaging in any illicit sexual conduct with another person." A conspiracy under § 2423(e), which is a "conspir[acy] to violate subsection (a), (b), (c), or (d)," would necessarily be an agreement among two or more conspirators for *someone* – "[a] person," in the words of § 2423(b) – to travel with such intent. But under the facts as alleged by the government in this case, Nagarwala did not enter into such an agreement. That is, the government has alleged no facts from which a jury could find that she agreed with the mothers that they or anyone else would travel with the requisite intent. Instead, the government alleges that

---

[8] In a similar vein, the government states: "Defendant and her co-conspirators acted in series and in agreement, first to travel across state lines, and then to engage in illicit sexual conduct with the victims, thus satisfying every element of 18 U.S.C. §§ 2423(b) and (e)." Pl.'s Resp. Br. at 13-14. These statements misconstrue the essence of the offense, which is *traveling with an illicit purpose*. The second element of the offense, as articulated in the Sixth Circuit Pattern Jury Instructions ("that the person did so [i.e., traveled] with intent to engage in illicit sexual conduct"), is not established by showing that someone other than the traveler engaged in illicit sexual conduct.

Nagarwala and the mothers reached a *different* agreement – namely, that the mothers would travel with the intent of allowing Nagarwala to engage in illicit sexual conduct (i.e., FGM) with their minor daughters. As deplorable as this agreement may be, it is not an agreement to violate § 2423(b), and therefore it is not a conspiracy covered by § 2423(e).

The Court's conclusion is not inconsistent with any of the statements the government makes at pages 13-17 of its brief concerning the law of conspiracy, e.g., "a conspiracy is a single, unified offense"; "so long as the partnership in crime continues, the partners act for each other in carrying it forward"; "a series of acts or transactions committed by two or more defendants may yet constitute a single chargeable offense"; "the fundamental characteristic of a conspiracy is a joint commitment to an endeavor which, if completed, would satisfy all of the elements of the underlying substantive criminal offense"; "it is unnecessary for each member of a conspiracy to agree to commit each element of the substantive offense"; "such convictions are proper even though each participant commits a subset of the crime's elements"; and "the overt act of one partner in crime is attributable to all."

The Court accepts these propositions but finds them unresponsive to defendant's motion. The indictment in this case fails to allege facts which, if proved, would support the charge that defendant conspired to violate § 2423(b), which requires an agreement that "[a] person . . . travel[] . . . with a motivating purpose of engaging in any illicit sexual conduct with another person." Under the facts as alleged by the government, there is no such person and no such agreement. The government cites *Ocasio v. United States*, 136 S. Ct. 1423, 1432 (2016), for its statement that "each conspirator must have specifically intended that some conspirator commit each element of the substantive offense." But this explains precisely why the conspiracy charge against Nagarwala fails:

10

The government has alleged no facts suggesting that the conspirators intended that any member of the conspiracy would travel interstate with the requisite purpose. Importantly, § 2423(b) requires that the traveler and the person with illicit intent be the same person, as is apparent from both the wording of the statute ("A person who travels . . . for the purpose of engaging . . .") and the elements of the offense as recognized by the government and the Sixth Circuit cases cited above ("(1) that *a person* traveled . . . ; and (2) that *the person* did so with intent to engage . . .") (emphasis added). Nagarwala's intent to engage in FGM cannot be combined with the mothers' travel to arrive at a completed offense because § 2423(b) requires both elements (illicit intent and travel) be committed by the traveler.

*Conclusion*

As the Court commented once before in granting a previous motion in this case to dismiss a charge that was not supported by the facts alleged in the indictment, "'[t]he temptation to stretch the law to fit the evil is an ancient one, and it must be resisted.' *Moskal v. United States*, 498 U.S. 103, 132 (1990) (Scalia, J., dissenting)." *United States v. Nagarwala*, No. 17-CR-20274, 2018 WL 405122, at *6 (E.D. Mich. Jan. 14, 2018), *appeal dismissed*, No. 18-1156, 2018 WL 2272668 (6th Cir. Mar. 30, 2018). In the present case, this temptation must be resisted a second time. The agreement allegedly reached between Nagarwala and the mothers is not a conspiracy under § 2423(e). The case will proceed solely on count eight as to defendants Nagarwala, Fakhruddin Attar, Farida Attar, and Fatema Dahodwala. Accordingly,

IT IS ORDERED that defendant Nagarwala's motion to dismiss count seven of the third superseding indictment is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 4, 2020
Detroit, Michigan