UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1   JUMANA NAGARWALA,
D-2   FAKHRUDDIN ATTAR,
D-3   FARIDA ATTAR, and
D-6   FATEMA DAHODWALA,

        Defendants.

Criminal No. 17-cr-20274

Honorable Bernard A. Friedman

VIO:  18 U.S.C. § 1512(k)

## STIPULATION TO ADJOURN TRIAL AND WAIVE SPEEDY TRIAL

The United States of America and Defendants Jumana Nagarwala, Fakhruddin Attar, Farida Attar, and Fatema Dahodwala, through their counsel, stipulate and agree that the date for trial in this matter shall be continued from its current October 6, 2020 date.  Pursuant to 18 U.S.C. §§ 3161(h)(1)(C), (1)(D), (7)(A), (B)(i), (B)(ii), and B(iv), the parties further stipulate that the time period from October 6, 2020 to the new trial date constitutes excludable delay, and that the ends of justice served by this delay outweigh the best interests of the defendants and the public in a speedy trial.

The parties further stipulate that this case is so unusual and complex due to the number of defendants, the nature of the prosecution, and the large volume of discovery, such that it would be unreasonable to expect adequate preparation for pretrial proceedings, including motions, within the time limits established by the Speedy Trial Act.

Furthermore, adequate preparation has been impacted by the COVID-19 pandemic. The unprecedented and exigent circumstances created by the COVID-19 pandemic and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.

In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, the U.S. District Court for the Eastern District of Michigan postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in all criminal (and civil) cases and matters, and all grand jury proceedings. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order

further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

As a result, failure to grant a continuance would make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Although the court issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

- Counsel for the defendant and for the government are unable to adequately prepare for trial. Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials, meet with witnesses, and prepare for trial.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

- In addition, the Speedy Trial Act specifically (and automatically) excludes delay resulting from the unavailability of the defendant or an essential witness. See 18 U.S.C. §§ 3161(h)(3)(A) (rendering excludable "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness") & 3161(h)(4) (excluding "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial"). In light of the restrictions on travel, movement, and public appearances, these provisions further support the exclusion of this time.

- This continuance is warranted under the specific circumstances of this case, and such continuances are permitted under the law of this Circuit. *See, e.g., United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012); 274 F.3d 1053, 1064-65 (6th Cir. 2001), amended in part on other grounds, 307 F.3d 446 (2002). This continuance is also in accordance with the Speedy Trial Act Plan. *See* E.D. Mich. STA Plan ¶ 7(d)(3).

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Additionally, the parties agree and stipulate that the motions cut off, for motions other than motions in limine, shall be continued from its current July 8, 2020 date, and that a final pre-trial in this matter will be continued from August 19, 2020.

SO STIPULATED.

/s/ John Neal
John Neal
Chief, Economic Crimes
U.S. Attorney's Office
Eastern District of Michigan
211 West Fort Street
Detroit, Michigan 48226
Phone (313) 226-9644
E-Mail: john.neal@usdoj.gov

/s/ Sara Woodward
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Michigan
211 West Fort Street
Detroit, Michigan 48226
Phone (313) 226-9180
E-Mail: sara.woodward@usdoj.gov

/s/Malisa Dubal
Malisa Dubal
Assistant Chief
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., N.W.
Bond Building, Eighth Floor
Washington, D.C. 20005
Phone: (202) 660-2001
E-Mail: Malisa.dubal@usdoj.gov

s/Amy Markopoulos
Amy Markopoulos
Trial Attorney
Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. N.W.
Washington, DC 20005
Ph: (202) 230-0595
E-Mail: amy.markopoulos@usdoj.gov

/s/ Shannon M. Smith (with consent)
Shannon M. Smith
The Law Offices of Shannon M. Smith, P.C.
1668 South Telegraph Road, Suite 140
Bloomfield Hills, MI 48302
Phone: 248-636-2595
Email: attorneyshannon@gmail.com
*Attorney for D-1 Jumana Nagarwala*

/s/ Mary Chartier  (with consent)
Mary Chartier
Chartier & Nyamfukudza, P.L.C.
2295 Sower Boulevard
Okemos, MI 48864
Phone: (517) 885-3305
Fax: (517) 885-3363
Email: mary@cndefenders.com
*Attorney for D-2 Fakhruddin Attar*

/s/ Matthew R. Newburg (with consent)
Matthew R. Newburg
Newburg Law, PLLC
316 Taylor St.
Grand Ledge, MI 48837
(517) 505-2323
Email: matt@newburglaw.com
*Attorney for D-3 Farida Attar*

/s/ Brian M. Legghio (with consent)
Brian M. Legghio
Legghio Garrison, PLLC
134 Market Street
Mt. Clemens, MI 48043
Phone: 586-493-7000
Email: blegghio@legghiolaw.com
*Attorney for D-6 Fatema Dahodwala*


Date:  June 8, 2020

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1  JUMANA NAGARWALA,
D-2  FAKHRUDDIN ATTAR,
D-3  FARIDA ATTAR, and
D-6  FATEMA DAHODWALA,

        Defendants.

Criminal No. 17-cr-20274

Honorable Bernard A. Friedman

VIO:  18 U.S.C. § 1512(k)

**ORDER**

Upon stipulation of the parties and the Court being fully advised of the circumstances,

**IT IS HEREBY ORDERED** the date for trial in this matter shall be continued from October 6, 2020, at 9:00 a.m. to March 9, 2021 at 9:00 a.m.;

**IT IS HEREBY ORDERED** that a final pre-trial conference in this matter shall be held on March 2, 2021 at 1:30 p.m.

**IT IS HEREBY ORDERED** that all motions, other than motions in limine, shall be filed by October 6, 2020.

**IT IS FURTHER ORDERED** that that the ends of justice served by this delay outweigh the interests of the defendants and of the public in a speedy trial and that the time period between October 6, 2020 and [March 9, 2021] is deemed excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h), and specifically by reason of 18 U.S.C. §§ 3161(h)(1)(C), (1)(D), (7)(A), (B)(i), (B)(ii), and B(iv). The Court further finds that this case is so unusual and complex due to the number of defendants, the nature of the prosecution, and the large volume of discovery, as well as the current restrictions and limitations put in place due to the COVID-19 pandemic, that it would be unreasonable to expect adequate preparation for pretrial proceedings, including motions, within the time limits established by the Speedy Trial Act.

**SO ORDERED**.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: June 9, 2020
Detroit, Michigan