UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-cr-20274 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | **MOTION TO AMEND PROTECTIVE ORDER** |
| JUMANA NAGARWALA, D-1<br>FAKHRUDDIN ATTAR, D-2,<br>FARIDA ATTAR, D-3,<br>FATEMA DAHODWALA, D-6 | |
| Defendants. | |
| _____/ | |

The above-captioned Defendants, by and through their respective Counsel, respectfully request that this Court enter an order amending the previously entered Protective Order (R. 48, under seal) for "discovery and related materials". Concurrence was sought regarding the request herein, however, the government does not agree to Defendants' request.

On June 2, 2017, this Court entered a Protective Order (R. 48), which has undergone modifications during the pendency of this case. However, given restrictions implemented due to COVID-19, modifications to the current Protective Order are again needed.

1

Specifically, there are two paragraphs that govern the disclosure of information to Defendants in this case and to potential medical experts. Specifically, paragraph (b) of the protective order provides that "[d]efendants may review such materials at any time in the presence of their defense counsel, defense counsel's legal assistants or other employees assisting in defense preparation." When Defendants were subject to pretrial detention, they were permitted to view the discovery without their counsel present. The Protective Order provided that the incarcerated defendants "will also be given access to electronic discovery to view on a laptop computer, which will be kept in the custody of the jail or prison where Defendants are being held[.]" (See R. 48 pg. 6 paragraph (b)). Now that Defendants have been released, however, their ability to review discovery and assist counsel in preparation for trial is again limited pursuant to the Protective Order, which requires Defendants to view discovery in the presence of Defense Counsel or their respective employees.

Significantly, COVID-19 restrictions significantly inhibit—if not eliminate—the ability for Defense Counsel to satisfy their obligations to their clients and adequately prepare for trial. In response to Defense

Counsel's request to amend the current Protective Order, the government indicated it did not consent to Defendant's having access to reports and recordings outside of Defense Counsel's presence. Recently, however, the government provided Defense Counsel with additional discovery, consisting largely of reports and hours of recorded conversations. These conversations largely occur in Gujarat. COVID-19 restrictions strongly discourage, if not prohibit, Defense Counsel from sitting with their clients for hours on end while they listen to and translate the recently provided recorded conversations. Given the current state of the ongoing global pandemic, such a requirement is simply far too burdensome. This is especially true given the ease with which the materials could be safely shared electronically.

The same is true with regard to potential experts, who will need to review discovery in order to adequately prepare for trial. The Protective Order addresses experts' ability to view the colposcope videos created during anogenital examinations and indicates that "[i]f Counsel for the indicted defendants wishes to show the Colposcope Evidence to prospective medical experts, Counsel for the Indicted Defendants must personally bring the Colposcope Evidence to such prospective experts,

3

and may show them the evidence on a computer that belongs to Counsel for the Indicated Defendants. . . ." (R. 48, page 10 paragraph (e)).

Notably, many of the experts with whom Defense Counsel has consulted in connection with this case are located not only across the United States but internationally, as well. Due to COVID-19, travel is significantly hampered. Meeting with potential experts and having them review discovery pursuant to the Protective Order is simply not possible without placing either Defense Counsel or their employees at risk for contracting COVID-19 or violating certain state-specific COVID-19 orders. Moreover, the experts themselves may not be comfortable meeting with Defense Counsel in such close proximity for an elongated period of time to simply review a video, documents or medical reports—something that can easily be viewed in isolation without any risk to Defense Counsel or their potential experts. Finally, the restrictions for viewing this evidence is only placed on Defense Counsel and their experts. The government does not have any such restrictions placed on them or their experts.

## CONCLUSION

There is no question that defendants in criminal cases are permitted to see and review the discovery that is the basis for the allegations made against them. This case should not be any different. Here, however, COVID-19 restrictions have made discovery review pursuant to the Protective Order nearly impossible. As such, the Defense respectfully requests this Court amend the current Protective Order to allow Defendants and potential experts review the discovery provided independently.

Respectfully submitted,

| | |
|---|---|
| 11/23/2020<br>Date | /s/MARY CHARTIER<br>Mary Chartier<br>Attorney for Fakhruddin Attar, M.D. |
| 11/23/2020<br>Date | /s/SHANNON SMITH<br>Shannon Smith<br>Attorney for Jumana Nagarwala, M.D. |
| 11/23/2020<br>Date | /s/MOLLY BLYTHE<br>Molly Blythe<br>Attorney for Jumana Nagarwala, M.D. |
| 11/23/2020<br>Date | /s/MATTHEW R. NEWBURG<br>Matthew R. Newburg<br>Attorney for Farida Attar, Ph.D. |
| 11/23/2020 | /s/BRIAN LEGGHIO |

Date                                             Brian Legghio
                                            Attorney for Fatema Dahodwal

**Certification of Delivery**

I hereby certify that on November 23, 2020 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/Matt Newburg
Newburg Law, PLLC
316 Taylor St.
Grand Ledge, MI 48837
Phone: 517-899-0951
Email: matt@newburglaw.com