# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUMANA NAGARWALA,
FAKHRUDDIN ATTAR,
FARIDA ATTAR, and
FATEMA DAHODWALA,

    Defendants.

No. 17-cr-20274

Honorable Bernard A. Friedman

**MOTION TO DISMISS
COUNT EIGHT**

---

## ORAL ARGUMENT REQUESTED

Fakhruddin Attar, M.D., through his attorney Mary Chartier; Jumana Nagarwala, M.D., through her attorneys Shannon Smith and Molly Blythe; Farida Attar, Ph.D., through her attorney Matthew R. Newburg; and Fatema Dahodwala, through her attorney Brian Legghio; move that this Court dismiss count 8, the conspiracy to obstruct an official proceeding charge. The government cannot show that any of the named parties acted with the requisite intent to hinder, delay, and prevent communications to law enforcement officers and a judge of the United States of information related to the commission or potential

commission of a federal offense. Additionally, the named parties did not agree to obstruct, influence, and impede an official proceeding for the reasons more fully stated in the brief in support of this motion. Counsel has sought, but has not received, concurrence from the government.

Respectfully submitted,

01/21/2021                        /s/MARY CHARTIER
Date                              Mary Chartier
                                  Attorney for Fakhruddin Attar, M.D.


01/21/2021                        /s/SHANNON SMITH
Date                              Shannon Smith
                                  Attorney for Jumana Nagarwala, M.D.


01/21/2021                        /s/MOLLY BLYTHE
Date                              Molly Blythe
                                  Attorney for Jumana Nagarwala, M.D.


01/21/2021                        /s/MATTHEW R. NEWBURG
Date                              Matthew R. Newburg
                                  Attorney for Farida Attar, Ph.D.


01/21/2021                        /s/BRIAN LEGGHIO
Date                              Brian Legghio
                                   Attorney for Fatema Dahodwala

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUMANA NAGARWALA,
FAKHRUDDIN ATTAR,
FARIDA ATTAR, and
FATEMA DAHODWALA,

    Defendants.

No. 17-cr-20274

Honorable Bernard A. Friedman

**BRIEF IN SUPPORT OF
MOTION TO DISMISS
COUNT EIGHT**

———————————————————

### ORAL ARGUMENT REQUESTED

Fakhruddin Attar, M.D., through his attorney Mary Chartier; Jumana Nagarwala, M.D., through her attorneys Shannon Smith and Molly Blythe; Farida Attar, Ph.D., through her attorney Matthew R. Newburg; and Fatema Dahodwala, through her attorney Brian Legghio; respectfully submit this brief in support of their motion to dismiss count eight of the third superseding indictment, conspiracy to obstruct an official proceeding, 18 U.S.C. § 1512(k). There was no federal offense that the named parties were communicating with others about and the government cannot show that any of the named parties acted with the

requisite intent that their actions would influence an official proceeding. Further, the investigation of the Federal Bureau of Investigation (FBI) did not qualify as an "official proceeding" within the meaning of 18 U.S.C. § 1512.

## STATEMENT OF FACTS

The third superseding indictment in this case charges Dr. Attar, Dr. Nagarwala, Ms. Attar, and Ms. Dahodwala with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k). (RE 334, Page ID # 2472.) According to the indictment, the government alleges that the named parties "did knowingly and willfully conspire and agree together and with other persons both known and unknown to the Grand Jury to corruptly persuade each other and other members of the Community, and did attempt to do so, and engage in misleading conduct toward each other and other members of the Community, with the intent to hinder, delay and prevent the communication to law enforcement officers and a judge of the United States of information relating to the commission or possible commission of a federal offense, and did also conspire and agree with each other and other persons known and unknown to the grand jury to corruptly obstruct, influence and impede

an official proceeding, all in violation of 18 U.S.C. § 1512(k)." (RE 334, Page ID # 2472-2473).

## APPLICABLE LAW

This Court has the authority to dismiss count 8 of the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure. "Moreover, district courts may make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate finder of fact." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992). As the United States Court of Appeals for the Sixth Circuit has held, "It should be noted that the district court was not limited to the face of the indictment in ruling on the motion to dismiss since Rule 12 vested the court with authority to determine issues of fact in such a manner as the court deems appropriate." *Id.* (quotation marks and citations omitted). The issue in the instant case is capable of determination before trial. *Id.* at 470; see also *United States v. Jones*, 542 F.2d 661, 664-665 (6th Cir. 1976).

## ARGUMENT

**I.    The named parties could not have conspired to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense because their conduct did not rise to the level of a federal offense.**

Under 18 U.S.C. § 1512(b)(3), any person who "corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . shall be fined under this title or imprisoned not more than 20 years, or both." The same penalty applies to any person who "corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so." 18 U.S.C. § 1512(c)(2). Under 18 U.S.C. § 1512(k), "[w]hoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

The term "federal offense" is not defined in the statute, but a "fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary,

contemporary, common meaning." *United States v. Plavcak*, 411 F.3d 655, 660 (6th Cir. 2005). "In construing a federal statute it is appropriate to assume that the ordinary meaning of the language that Congress employed 'accurately expresses the legislative purpose.'" *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164 (1985), quoting *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985). If the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989).

This Court has previously dismissed the counts related to purported female genital mutilation, holding that the statute was unconstitutional and that Congress had no authority to pass the statute criminalizing female genital mutilation. (RE 370, Page ID # 3102-3103.) Likewise, this Court dismissed the conspiracy to transport a minor with the intent to engage in criminal sexual activity count and the conspiracy to travel with the intent to engage in illicit sexual conduct count. (RE 268, Page ID # 1924; RE 428, Page ID # 3347.) Because this Court held that no federal offense was committed, any communications by Dr. Nagarwala, Dr. Attar, Ms. Attar, and Ms. Dahodwala do not fall under

the ambit of the statute because they did not involve the commission or possible commission of a federal offense. The conduct did not rise to the level of a federal offense; thus, as a matter of law, any communications involving that conduct cannot rise to the level of a federal offense either. Thus, count eight must be dismissed.

II. **The named parties did not and could not have known of the "official proceeding" of the grand jury. Thus, they lacked the knowledge that their actions were likely to affect an "official proceeding" and, therefore, they lacked the wrongful intent to satisfy the *mens rea* requirement of corruptly obstructing.**

Under 18 U.S.C. § 1512(k), "Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." The same penalty applies to any person who "corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so[.]" 18 U.S.C. § 1512(c)(2).

In *United States v. Aguilar,* 515 U.S. 593, 599 (1995), the Supreme Court considered the intent element under 18 U.S.C. § 1503, which is phrased similarly to Section 1512(c)(2). 18 U.S.C. § 1503(a) states that "[w]hoever corruptly . . . influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice" may

be punished. To try to "place metes and bounds on the very broad language" of § 1503, the Court held that to be convicted under that section a defendant must act with the intent that his actions will influence a proceeding. *Aguilar*, 515 U.S. at 599. The Court determined that Section 1503 requires that a defendant's obstructive conduct have a nexus in time, causation, or logic with the proceeding the defendant is charged with obstructing. *Id.* In other words, interference with the proceeding must be the natural and probable effect of the defendant's conduct under Section 1503. *Id.* There was no nexus found in *Aguilar*, where the defendant merely made false statements to agents who might or might not later testify before a grand jury. *Id.* at 600. As the United States Court of Appeals for the Tenth Circuit has explained, "[t]he nexus limitation is best understood as an articulation of the proof of wrongful intent that will satisfy the *mens rea* requirement of corruptly obstructing or endeavoring to obstruct." *United States v. Erickson,* 561 F.3d 1150, 1159 (10th Cir. 2009) (quotations and citations omitted); see also *United States v. Phillips,* 583 F.3d 1261, 1264 (10th Cir. 2009).

The Supreme Court has yet to consider a case involving the *Aguilar* nexus requirement and Section 1512(c)(2), but four circuits have now

applied the *Aguilar* nexus requirement to Section 1512(c)(2), including the Sixth Circuit. In *United States v. Carson,* 560 F.3d 566, 584 (6th Cir. 2009), the court conducted its analysis by concluding that the *Aguilar* nexus requirement applies to Section 1512(c)(2). See also *United States v. Reich,* 479 F.3d 179, 186 (2d Cir. 2007); *United States v. Friske,* 640 F.3d 1288, 1292 (11th Cir. 2011); *Phillips*, 583 F.3d at 1264. And, as the court noted in *Phillips*, 583 F.3d at 1264, no other court has explicitly rejected this approach.

Here, the government's obstruction charge fails because the government cannot show the necessary *mens rea* element as to any of the named parties. The government cannot meet the *Aguilar* nexus requirement because it cannot show that any of the defendants knew of any "official proceeding," much less that their conduct had a nexus in time, causation, or logic with the proceeding that is the basis for the government's charge. The government vaguely alleges that the named parties colluded to persuade members of the community, as well as law enforcement officials. (RE 334, Page ID # 2472.) Yet, similar to *Aguilar*, engaging in misleading conduct such as making false or misleading statements to people who might or might not later testify before a grand

jury does not satisfy the required nexus. All the named parties lacked knowledge that their purported comments were likely to affect a judicial proceeding, so they lacked the requisite intent to obstruct. Without knowledge of any proceeding, the parties could not know that their comments were likely to have an effect. Because the government is unable to articulate the requisite proof of wrongful intent that will satisfy the *mens rea* of "corruptly obstructing," count eight of the government's third superseding indictment must be dismissed.

### III. The named parties could not have obstructed an "official proceeding" because the FBI's investigation does not qualify as an "official proceeding" within the meaning of 18 U.S.C. § 1512(c)(2).

Any actions or communications by the named parties do not violate the statute because an FBI investigation does not qualify as an "official proceeding" under the statute. Of the four circuit courts that have addressed this question, there is a split on whether an FBI investigation constitutes an "official proceeding" within the meaning of Section 1512. The United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Fifth Circuit, and the United States Court of Appeals for the Fourth Circuit have held that an FBI investigation does not qualify as an "official proceeding," while the United States Court

of Appeals for the Second Circuit has said that it does qualify. The Sixth Circuit Court of Appeals has not dealt with this issue.

The Ninth Circuit extensively addressed the issue in *United States v. Ermoian,* 752 F.3d 1165 (9th Cir. 2013). In *Ermoian*, defendants Ermoian and Johnson were charged with obstruction of justice under 18 U.S.C. §1512(c)(2), (k) when they each warned the FBI's target Holloway—a known associate of the Hells Angels—that he was under investigation. *Id.* at 1168. After their warnings, Holloway searched his motorcycle store and disposed of questionable parts. *Id.* at 1167. Holloway, together with the defendants, conducted preventative canine sniffs, counter-surveillance, and attempted to ferret out informants. *Id.*

The FBI Task Force arrested the defendants at the close of their investigation in 2008, so as not to tip off the real targets. *Id.* at 1168. Johnson and Ermoian were charged with conspiracy to corruptly obstruct, influence, and impede an official proceeding, to wit, a law enforcement investigation conducted by the FBI in violation of 18 U.S.C. §1512(c)(2), (k). *Id.* The district court held that "official proceeding" as used in the statute should be read broadly to include an FBI investigation. *Id.* The Ninth Circuit disagreed. *Id.* at 1172.

The Ninth Circuit began its interpretation by determining whether "'the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Id.* at 1168-1169, quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997). "Whether the meaning of a statute is plain 'is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *Id.* at 1169, quoting *Robinson*, 519 U.S. at 341. And "[i]f the statute's meaning can be resolved by reference to the statutory text such that 'the statutory language is unambiguous and the statutory scheme is coherent and consistent, our inquiry is complete." *Id.* (quotations and citations omitted.)

As used in Section 1512, Section 1515(a)(1) defines an "official proceeding" as:

   (A)   a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;

   (B)   a proceeding before the Congress;

   (C)   a proceeding before a Federal Government agency which is authorized by law; or

> (D)   a proceeding involving the business of insurance whose
> activities affect interstate commerce before any insurance
> regulatory official or agency or any agent or examiner
> appointed by such official or agency to examine the affairs
> of any person engaged in the business of insurance whose
> activities affect interstate commerce[.]

As with the circumstances of *Ermoian,* of these definitions, the only one in this case that might cover an FBI investigation is "a proceeding before a Federal Government agency which is authorized by law[.]" *Id.* § 1515(a)(1)(C).

The Ninth Circuit found that the definition of the phrase "official proceeding" "depends heavily on the meaning of the word 'proceeding'" itself. *Ermoian*, 752 F.3d at 1169. The court further observed that while the word "proceeding" is used "somewhat circularly" in each of the definitions, it "is key to the phrase's meaning." *Id.*

In reviewing both lay and legal dictionaries, the *Ermoian* court found that dictionary definitions of the term "proceeding" alone cannot conclusively resolve whether an FBI investigation qualifies as an official proceeding under Section 1512. *Id.* at 1170. Dictionary definitions in isolation do not end a court's inquiry. *Id.* Indeed:

> When a term has both a general and a more technical
> meaning, we must look to surrounding words and phrases to
> decide which of the two meanings is being used. As it was once

14

aptly explained: "Sometimes context indicates that a technical meaning applies. . . . And when law is the subject, ordinary legal meaning is to be expected, which often differs from common meaning." [*Id.*, quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 73 (2012).]

The court found that there are several aspects of the definition for "official proceeding" that suggest that the legal—rather than the lay—understanding of the term "proceeding" is implicated in the statute. *Id.* "For one, the descriptor 'official' indicates a sense of formality normally associated with legal proceedings, but not necessarily with a mere 'action or series of actions.'" *Id.* Further, "when used to define 'official proceeding,' the word 'proceeding' is surrounded with other words that contemplate a legal usage of the term, including 'judge or court,' 'Federal grand jury,' 'Congress,' and 'Federal Government agency.' And most importantly, the definition of 'official proceeding' at issue here clarifies that the type of 'proceeding' being described 'is authorized *by law.*'" *Id.*, citing 18 U.S.C. § 1515(a)(1)(C). Thus, the Ninth Circuit concluded that the definition of the term "proceeding" strongly indicated that "a proceeding before a Federal Government agency which is authorized by law" does not encompass a criminal investigation. *Id.*, citing 18 U.S.C. § 1515(a)(1)(C).

But the Ninth Circuit's analysis did not end there. The court went on to decide that "[w]hat the term 'proceeding' alone leaves mildly ambiguous, the broader statutory context makes entirely plain: an 'official proceeding' does not include a criminal investigation." *Id.* In examining the term "proceeding" within the grammatical structure of the definition at issue, the court stated, "it becomes clear that the term connotes some type of formal hearing." *Id.* Importantly, the court found that Congress' use of the word "before" in front of "Federal Government agency" was a deliberate choice: "The statute refers to proceedings 'before a Federal Government agency'—a choice of phrase that would be odd if it were referring to criminal investigations. The use of the preposition 'before' suggests an appearance in front of the agency sitting as a tribunal." *Id.* at 1171.

As the *Ermoian* court noted, the Fifth Circuit also seized upon this significant modifier: use of "the preposition 'before' in connection with the term 'Federal Government agency' . . . implies that an 'official proceeding' involves some formal convocation of the agency in which parties are directed to appear, instead of any informal investigation conducted by any member of the agency." *United States v. Ramos,* 537 F.3d 439, 462-

463 (5th Cir. 2008). "In short, a criminal investigation does not occur 'before a Federal Government agency' like a hearing or trial might; it is conducted 'by' the agency in the field." *Ermoian,* 752 F.3d at 1171.

Even more broadly, in looking at Section 1512 where the term "official proceeding" is repeatedly used, the *Ermoian* court determined that "it becomes even more apparent that a criminal investigation is not incorporated in the definition." *Id.* The court said the following:

> Section 1512 refers to "prevent[ing] the attendance or testimony of any person in an official proceeding'"; "prevent[ing] the production of a record, document, or other object, in an official proceeding"; and "be[ing] absent from an official proceeding to which that person has been summoned by legal process." 18 U.S.C. § 1512(a)(1)(A)-(B), (a)(2)(B)(iv). The use of the terms "attendance", "testimony", "production", and "summon[ ]" when describing an official proceeding strongly implies that some formal hearing before a tribunal is contemplated. [*Id.* at 1171-1172.]

In *Ermoian,* the government urged the court to read the phrase "official proceeding" to include an FBI investigation. *Id.* The Ninth Circuit appropriately rejected that argument and highlighted the attendant *mens rea* requirement of the intent to obstruct:

> [I]f we were to read the phrase "official proceeding" to include an FBI investigation, . . . this subsection of the statute would work to criminalize actions taken before *an investigation* was even "pending or about to be instituted." (citation omitted). We do not think that the obstruction of justice statute was

> intended to reach so far back as to cover conduct that occurred
> even pre-criminal-investigation. Indeed, such a construction
> would be in tension with Supreme Court precedent requiring
> a nexus between the obstructive act and criminal proceedings
> in court. See *Arthur Andersen LLP v. United States,* 544 U.S.
> 696, 708, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2005)
> (interpreting a materially similar subsection of § 1512 as
> requiring that the defendant have "knowledge that his actions
> are likely to affect [a] judicial proceeding" in order to have the
> "requisite intent to obstruct"). [*Id.*]

Thus, the Ninth Circuit concluded that considering the plain meaning of the term "proceeding," its use in the grammatical context of the "official proceeding" definition, and the broader statutory context, a "criminal investigation" is not an "official proceeding" under the obstruction of justice statute. *Id.*

In *Ramos,* 537 F.3d at 466, the Fifth Circuit came to the same conclusion in the context of the Border Patrol's internal investigation of alleged employee misconduct by two of its agents. The agents allegedly "covered up" an incident in which the agents illegally fired their weapons at a drug smuggler as he escaped into Mexico, by failing to report to their supervisors the discharge of their firearms, in violation of Border Patrol policy. *Id.* at 460. The government charged the agents with and the jury

found them guilty of obstruction of justice under 18 U.S.C. § 1512(c)(1) and (2). *Id.*[1]

The Fifth Circuit began its analysis with a review of the statute as a whole, and stated, "[a]s can plainly be seen, the statute is focused on incidents in which one person has exercised direct or indirect force or influence on another in order to corrupt some official proceeding; this focus is in keeping with the stated purpose of the statute." *Id.* at 462. The *Ramos* panel's review of the statute as a whole led to its conclusion that "Congress did not intend for 'official proceedings' to include internal investigations into agency employee conduct." *Id.* The court was only further convinced of this determination based on the statutory definition and the contextual meaning of the term "official proceeding." *Id.* The Fifth Circuit acknowledged that the single word "proceeding," broadly defined and standing alone, encompasses meanings that could support

---

[1] The government failed to specify the official proceeding that was obstructed in its charges against the two agents, but apparently conceded that based on the evidence adduced at trial, both defendants could and may have been convicted under the indictment claiming their failure to report interfered with a Border Patrol investigation. *Id.* at 461, n.16, 465. Nevertheless, the court noted, "if such an investigation does not qualify under the statute, then the conviction must be set aside." *Id.,* citing *Yates v. United States,* 354 U.S. 298, 311 (1957).

"its construal as either an investigation or a hearing." *Id.* However, Congress' use of the term "official proceeding," as well as the word "before" in connection with the term "Federal Government agency" clearly indicates "'official proceeding' involves some formal convocation of the agency in which parties are directed to appear, instead of any informal investigation conducted by any member of the agency." *Id.* at 462-463.

Moreover, the *Ramos* court noted that "official proceeding" is consistently used throughout Section 1512 "in a manner that contemplates a formal environment in which persons are called to appear or produce documents." *Id.* at 463. "[I]n all instances in which the term 'official proceeding' is actually used in § 1512, its sense is that of a hearing rather than simply any investigatory step taken by an agency." For instance, in Section 1512(a)(1)(A), the statute states "[w]hoever kills or attempts to kill another person, with intent to prevent the attendance or testimony of any person in an official proceeding". And in Section 1512(a)(2)(A), the statutes states "[w]hoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to influence, delay, or prevent the testimony of any person in an

official proceeding." It is clear that these phrases refer to far more than an FBI investigation.

The Fifth Circuit further found that the government's arguments for a contrary conclusion were "not compelling." *Ramos*, 537 F.3d at 463. The government argued that the structure of the statute indicated that Section 1512(c)(2) should be construed as a "catch-all" provision and therefore should be read broadly to reach the defendants' actions. *Id.* The court rejected the government's position because it failed to address the court's more specific point—"that an internal agency investigation is not an official proceeding within the meaning of § 1512—and consequently the interpretation fixating to covered obstructive conduct (and not to the type of proceeding) is inapposite." *Id.* And finally, the government provided no other authority that "meaningfully" supported its position.[2] *Id.*

Most recently, the Fourth Circuit held that "[a]n 'official proceeding' includes a grand jury investigation, but *not* an FBI investigation." *United*

---

[2] Indeed, the one appellate case the government offered, the Second Circuit's ruling in *United States v. Gonzalez,* 922 F.2d 1044, 1055-56 (2d Cir. 1991), interpreted a specific venue provision of an earlier version of the statute, and was of "little applicability" to this issue. *Ramos,* 537 F.3d at 465, n.17.

*States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019) (emphasis added). The defendant was charged with attempting to provide material support to a foreign terrorist organization and attempting to obstruct justice, in violation of 18 U.S.C. § 1512(c)(2). *Id.* at 374. This stemmed from the FBI opening a counterterrorism investigation into the defendant. *Id.* During the period of surveillance, the defendant discussed methods of thwarting FBI surveillance with informants, as well as offered advice about how to travel without being flagged by government authorities. *Id.* After being questioned by two FBI agents, the defendant denied any involvement with terrorist organizations and later emailed an informant to let him know about the FBI's inquiry. *Id.* at 374-375.

The Fourth Circuit, in holding that an FBI investigation is not an "official proceeding" under Section 1512, cited *Ermoian* and *Ramos* and the analysis that the word "before" in the statute implied some formal convocation of the agency instead of any informal investigation. *Id.* at 384. The court acknowledged that the defendant may have known he was obstructing an FBI investigation or that an investigation was reasonably foreseeable, but that was not considered an "official proceeding." *Id.* at

387. A grand jury investigation or proceeding must have been reasonably foreseeable. *Id.*

The respective opinions of the Fourth Circuit, Fifth Circuit, and Ninth Circuit are persuasive. In this case, there was merely an informal agency investigation into the alleged actions of the parties at the time of the communications. No formal proceeding in which parties were directed to appear had happened or was reasonably foreseeable. Because of this, the government investigation does not rise to the level of an "official proceeding." Thus, as a matter of law, the named parties' purported comments cannot rise to the level of being prohibited under the statute, and count eight must be dismissed.

## CONCLUSION

The named parties could not have conspired to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense because the purported conduct did not rise to the level of committing a federal offense. Further, the government cannot show that any of the named parties acted with the requisite intent that their actions would influence a proceeding because they were

unaware of any purported proceedings. Finally, the FBI's investigation did not qualify as an "official proceeding" within the meaning of 18 U.S.C. § 1512. Accordingly, Dr. Nagarwala, Dr. Attar, Ms. Attar, and Ms. Dahodwala respectfully request that this Court dismiss count eight.

Respectfully submitted,

01/21/2021                          /s/MARY CHARTIER
Date                                Mary Chartier
                                    Attorney for Fakhruddin Attar, M.D.


01/21/2021                          /s/SHANNON SMITH
Date                                Shannon Smith
                                    Attorney for Jumana Nagarwala, M.D.


01/21/2021                          /s/MOLLY BLYTHE
Date                                Molly Blythe
                                    Attorney for Jumana Nagarwala, M.D.


01/21/2021                          /s/MATTHEW R. NEWBURG
Date                                Matthew R. Newburg
                                    Attorney for Farida Attar, Ph.D.


01/21/2021                          /s/BRIAN LEGGHIO
Date                                Brian Legghio
                                    Attorney for Fatema Dahodwala

## Certificate of Service

I hereby certify that on January 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/MARY CHARTIER
Mary Chartier
Chartier & Nyamfukudza, P.L.C.
2295 Sower Boulevard
Okemos, MI 48864
Phone: 517.885.3305
Fax: 517.885.3363
mary@cndefenders.com