UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-20274 |
| Plaintiff, | Hon. Bernard Friedman |
| v. | |
| D-1 JUMANA NAGARWALA,<br>D-2 FAKHRUDDIN ATTAR,<br>D-3 FARIDA ATTAR, and<br>D-4 FATEMA DAHODWALA, | |
| Defendants._____/ | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS FOURTH SUPERSEDING INDICTMENT**

For the reasons stated in the government's brief, this Court should deny Defendants' motion to dismiss the Fourth Superseding Indictment.

1

Respectfully submitted,

SAIMA MOHSIN
Acting U.S. Attorney

*s/Sara D. Woodward*
SARA D. WOODWARD
JOHN NEAL
Assistant United States Attorneys
211 West Fort Street, Ste. 2001
Detroit, MI 48226-3220

MALISA DUBAL
AMY MARKOPOULOS
Trial Attorneys
Department of Justice, Fraud Section
1400 New York Avenue, NW
Dated: June 10, 2021        Washington, DC 20005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-20274 |
| Plaintiff, | Hon. Bernard Friedman |
| v. | |
| D-1 JUMANA NAGARWALA, <br> D-2 FAKHRUDDIN ATTAR, <br> D-3 FARIDA ATTAR, and <br> D-4 FATEMA DAHODWALA, | |
| Defendants. | |

## BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOURTH SUPERSEDING INDICTMENT (ECF NO. 487)

Earlier this year, the government obtained a Fourth Superseding Indictment. (ECF No. 470). This indictment sets forth, in more detail, the obstruction evidence that the government intends to introduce at trial. The conduct alleged in the Fourth Superseding Indictment is the same conduct alleged in Counts 5, 6 and 7 of the April 2017 Indictment (ECF No. 16, PageID. 99–102), Counts 7, 8, and 9 of the June 2017 Superseding Indictment (ECF No. 58, PageID. 516–520), Count 7 of the September 2017 Second Superseding Indictment (ECF No. 153, PageID.

3

1275), and Count 8 of the September 2018 Third Superseding Indictment (ECF No. 334, PageID. 2472). Defendants have moved to dismiss the Fourth Superseding Indictment on the grounds of prosecutorial vindictiveness. Their challenge should fail. There is no "realistic likelihood of vindictiveness" for the government's decision to obtain an additional superseding indictment. The defendants can identify neither a governmental stake nor show how the government acted unreasonably in bringing the Fourth Superseding Indictment. While the Fourth Superseding Indictment contains additional details about the alleged offenses, it does not charge defendants with more serious crimes or punish them in any way for exercising their constitutional rights. Accordingly, defendants' motion should be denied.

## I.     BACKGROUND

### A.     Prior Indictments

Beginning with the first indictment in April 2017 and continuing through the Fourth Superseding Indictment in March 2021, the government has always alleged that defendants engaged in obstruction and made false statements related to the events surrounding April 10, 2017. Counts 5, 6 and 7 of the April 2017 Indictment (ECF No. 16,

PageID. 99–102) and Counts 7, 8, and 9 of the June 2017 Superseding Indictment (ECF No. 58, PageID. 516–520) charged defendants with violating 18 U.S.C. § 1512(c)(2), (k), and § 1001. Count 7 of the September 2017 Second Superseding Indictment (ECF No. 153, PageID. 1275) and Count 8 of the September 2018 Third Superseding Indictment (ECF No. 334, PageID. 2472) charged defendants with violations of 18 U.S.C. § 1512(k).

After multiple challenges to the specific counts in the indictments, with which this court is familiar, the only remaining count of the Third Superseding Indictment was the obstruction count (Count 8), alleging violations of 18 U.S.C. § 1512(k) based on the four defendants' conduct on or about April 10, 2017. The language in the Third Superseding Indictment tracked the language in the statute and did not contain specific factual allegations, other than specifying a date.

In January 2021, defendants filed three motions to dismiss the remaining obstruction count in the Third Superseding Indictment for (1) insufficient pleading (ECF No. 454), (2) duplicity (ECF No. 453), and (3) lack of a federal offense (ECF No. 455). Defendants asserted that the obstruction count, as pleaded in the Third Superseding Indictment,

5

"fails to meet the basic pleading requirements of Fed.R.Crim.P 7(c)(1)." (ECF No. 454, PageID. 3475). Defendants claimed that Count Eight "as written fails to fairly inform Dahodwala of the specific charge against which she must defend and accordingly runs contrary to the requirements of [Rule 7.]" (ECF No. 454, PageID. 3477). Defendants also asked the Court to dismiss the obstruction count because it impermissibly "charge[d] two separate conspiracies under § 1512(k)" and "join[ed] two or more offenses in the same count." (ECF No. 453, PageID. 3463).

### B. Current Indictment

In March 2021, the government obtained a Fourth Superseding Indictment. (ECF No. 470). The Fourth Superseding Indictment includes extensive general allegations and additional details about the evidence that the government plans to introduce at trial. The Fourth Superseding Indictment charges the same defendants with the same conduct on or about the same date alleged in the indictment and prior superseding indictments; namely, that Nagarwala, Fakhruddin Attar, Farida Attar, and Fatema Dahodwala conspired to lie to investigators

6

about their participation in FGM, and attempted to persuade others to lie to the authorities.

- Count One charges the four defendants with a conspiracy to make false statements, in violation of 18 U.S.C. § 371;

- Count Two charges Nagarwala, Farida Attar, and Fatema Dahodwala with specific false statements in violation of 18 U.S.C. § 1001;

- Count Three charges Nagarwala, Fakhruddin Attar and Farida Attar with conspiracy to tamper with a witness, in violation of 18 U.S.C. § 1512(k);

- Count Four charges Nagarwala and Farida Attar with witness tampering, in violation of 18 U.S.C. § 1512(b)(3);

- Count Five charges Nagarwala, Fakhruddin Attar and Farida Attar with witness tampering, in violation of 18 U.S.C. § 1512(b)(3).

## II. ARGUMENT

The due process clause prohibits the prosecution from punishing a defendant for exercising a protected statutory or constitutional right. *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013) (citing

*United States v. Poole,* 407 F.3d 767, 774 (6th Cir. 2005)). But bringing additional charges does not equate to prosecutorial vindictiveness. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982). Instead, only charging decisions "that pose a realistic likelihood of 'vindictiveness'" violate the due process clause. *Goodwin* at 372 (citing *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)). Here, defendants do not argue that there is objective evidence that the government procured a superseding indictment to punish them. (Def. Motion, ECF No 487, PageID. 3885 – 3892). Instead, they ask the Court to find a presumption of vindictiveness. A "district court may find that there is a "reasonable likelihood of vindictiveness and may presume an improper vindictive motive" if a defendant establishes "that (1) the prosecutor has some stake in deterring the defendant's exercise of his rights and (2) the prosecutor's conduct was somehow unreasonable." *LaDeau*, 734 F.3d at 566 (quoting *Bragan v. Poindexter,* 249 F.3d 476, 482 (6th Cir. 2001)). Because the defendants can establish neither, this Court should not presume an improper vindictive motive.

### A. The government had no stake in deterring defendants' exercise of their rights.

In general, pretrial charging decisions are not vindictive, and "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." *Goodwin*, 457 U.S. at 381. In *Goodwin*, the Supreme Court noted that before trial, "the prosecutor's assessment of the proper extent of prosecution may not have crystallized." *Id*. The *Goodwin* court also explained that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Id*. at 382.

A successful pretrial motion does not automatically confer a prosecutorial "stake" in deterring a defendant's exercise of his rights. Defendants "routinely file pretrial motions []" and it would be "unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter." *Id.* at 381. As such, the *Goodwin* Court warned that in a pre-trial setting, like here, "there is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness." *Id*. The Court noted that "a defendant

9

before trial is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor." *Id*. The *Goodwin* Court further stated that "[t]he invocation of procedural rights is an integral part of adversary process in which our criminal justice system operates." *Id*. *Goodwin* catalogued the type of "routine[ ]" and minimally burdensome filings that were unlikely to prompt a vindictive prosecutorial response: "pretrial motions to suppress evidence; *to challenge the sufficiency and form of an indictment*; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by jury." *Id*. (emphasis added).

    Here, the motion filed by the defendants, which forms the "government's stake," is of the precise nature identified by *Goodwin* as one that is "routine" and "minimally burdensome," and therefore "unlikely to prompt a vindictive prosecutorial response." *Id*. The government has responded to numerous motions in this case, as was expected in a case in which the defendants were the first ever to be charged with this crime. Because 18 U.S.C. § 116 had never before been charged, the government anticipated significant pre-trial litigation, as evidenced by the split deadlines for substantive motions and motions *in*

*limine* that were established in this case. Thus, the filing of a motion to dismiss carries a presumption that it will not be met with a vindictive response, and the specific facts of this case show that such a motion is not a sufficient "stake" for the government.

Nor is the defendants' argument that a *potential* loss on that motion would constitute a sufficient government "stake." In response to the motion to dismiss, the government returned to the grand jury. As the Sixth Circuit held in *United States v. Moon*, "the fact that the government had to return for a superseding indictment does not constitute a sufficient stake in deterring Defendant's exercise of a protected right." 513 F.3d 527, 536 (6th Cir. 2008).

Unlike in *LaDeau*, where the government lost a motion to suppress which "eviscerated" its evidence and filed a superseding indictment that included more severe penalties, here, the government has not lost evidence and has not sought more severe penalties. Instead, this case is similar to *Moon*, 513 F.3d at 536, where the alleged "stake" was that the government had to return to the grand jury twice in response to the defendants' motion to dismiss. The Sixth Circuit held that this was not a sufficient stake, because even though the

11

government had to return to the grand jury, "it was able to resuscitate its prosecution on charges identical to those originally brought in the initial indictment simply by properly alleging an interstate commerce element." Here, as in *Moon*, the Fourth Superseding Indictment was revised to "properly allege" the obstruction and false statement charges, as well as provide additional information about the government's theory of the case to the defendants, the Court, and ultimately, the jury. Returning to the grand jury to make such edits reflects a strategic decision, not a punitive one.

### B. The government did not act unreasonably.

As a general matter, a superseding indictment is potentially vindictive only if it "add[s] additional charges or substitute[s] more severe charges based on the same conduct charged less heavily in the first indictment." *LaDeau*, 734 F.3d at 570 (citing *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001)). As the Sixth Circuit pointed out in *United States v. Andrews*, "[a] prosecutor who adds on extra charges after the exercise of a procedural right is arguably acting less vindictively than a prosecutor who substitutes a more severe charge for a less severe one." 633 F.2d 449, 454 (6th Cir. 1980). "In the first

12

situation, a prosecutor might well have made an honest mistake," but "in the second situation, the prosecutor will have already exercised his discretion, and the probability that the prosecutor acted vindictively is higher." *Id.*

The *LaDeau* Court recognized that even after the successful motion to dismiss, it would have been reasonable for the government to seek a superseding indictment to substitute additional charges. *LaDeau*, 734 F.3d at 571 (". . . a recalibration from a possession charge to a conspiracy-to-possess charge would have been a reasonable response to LaDeau's successful suppression motion"). The Sixth Circuit ultimately held that the "district court did not abuse its discretion in finding that that there was no reasonable basis for the government's decision to shift from a possession theory to a receipt theory *when the latter carried a five-year mandatory minimum that the former did not.*" *Id.* (emphasis added).

Here, as in *Moon*, and as discussed in *LaDeau*, the Fourth Superseding Indictment was simply a "recalibration" and did not include more serious charges or punish the defendants in any way for exercising their constitutional rights. Count 8 of the Third Superseding

13

Indictment charged each defendant with one count of conspiring to violate 18 U.S.C. § 1512(k), which carries a maximum penalty of up to 20 years in prison. Count 8 was minimally pleaded and included only a recitation of the statutory language. The Fourth Superseding Indictment added factual allegations and detail about the government's evidence. In addition, the most serious charge remains 18 U.S.C. § 1512(k). The new charges—making false statements and conspiring to make false statements in violation of 18 U.S.C. §§ 1001 and 371—are only punishable by up to 5 years in prison. Importantly, violations of § 1001 were alleged in the Indictment and First Superseding Indictment. (ECF Nos. 16, 58). A single sentencing guideline provision covers violations of § 1001 and § 1512: U.S.S.G. §2J1.2. If defendants were convicted of Count 8 of the Third Superseding Indictment or any of the counts in the Fourth Superseding Indictment, the advisory guideline range would be the same. Unlike in *LaDeau*, there is no crime with a mandatory minimum penalty included in the Fourth Superseding Indictment. Rather than penalize defendants or add more serious charges, the Fourth Superseding Indictment sought to clarify the

14

government's theory of the offense and put the defendants on notice for the evidence that the government would introduce at trial.

### C. The "law of the case doctrine" does not apply to the Fourth Superseding Indictment.

Finally, defendants argue that the "law of the case doctrine" prohibits the charges in the Fourth Superseding Indictment. But defendants misinterpret this doctrine.

"The law-of-the-case doctrine expresses the routine practice of courts 'to refuse to reopen what has been decided.'" *United States v. Garcia*, 496 F.3d 495, 514 (6th Cir. 2007) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, (1988)). "Under the law-of-the-case doctrine, a court generally may not revisit an issue that it decided, whether expressly or by necessary implication from its disposition, at an earlier stage of the proceedings, rather, once a court has decided an issue, the court should usually give effect to that decision throughout the litigation." *United States v. Blakley*, No. 14-cr-20030, 2014 WL 4978900, at *3 (E.D. Mich. Oct. 6, 2014).

The Fourth Superseding Indictment charges the defendants with witness tampering and conspiracy to obstruct, in violation of 18 U.S.C. § 1512(b)(3), (k). The elements of 18 U.S.C. § 1512(b)(3) are:

15

1. The defendant knowingly intimidated, threatened, or corruptly persuaded another person, or engaged in misleading conduct toward another person;
2. With the intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States;
3. of information relating to the commission or possible commission of a Federal offense

The indictment alleges that defendants conspired to lie to law enforcement about FGM. It is undisputed that at the time of the conspiracy, FGM was a federal criminal offense under 18 U.S.C. § 116.[1] In addition, at the time of the obstruction, the government was investigating additional federal offenses, including 18 U.S.C. §§ 2423(a), (b). That this Court later found that Congress exceeded its constitutional authority when it passed 18 U.S.C. § 116 has no impact on the illegality of defendants' conduct. Defendants attempted to obstruct an investigation into federal offenses by persuading community members to lie to the FBI.

Defendants are also charged with making false statements to federal agents in violation of 18 U.S.C. § 1001. The elements of this

---

[1] FGM remains a federal offense. In response to this Court's ruling, Congress passed the "Strengthening the Opposition to Female Genital Mutilation Act of 2020." H.R. 6100, Section 5. *See* 18 U.S.C. § 116(d).

offense are that defendants knowingly and willfully: (1) falsified, concealed, or covered up by any trick, scheme, or device a material fact; (2) made any materially false, fictitious, or fraudulent statement or representation; or (3) made or used any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry. The court's ruling on the constitutionality of 18 U.S.C. § 116 has no impact on the counts in the indictment that charge defendants with making false statements or conspiring to make false statements.

## III. CONCLUSION

Defendants' motion to dismiss the Fourth Superseding Indictment should be denied.

                                        Respectfully submitted,

                                        SAIMA MOHSIN
                                        Acting U.S. Attorney

                                        *s/Sara D. Woodward*
                                        SARA D. WOODWARD
                                        JOHN NEAL
                                        Assistant United States Attorneys
                                        211 West Fort Street, Ste. 2001
                                        Detroit, MI 48226-3220

                                        MALISA DUBAL
                                        AMY MARKOPOULOS
                                        Trial Attorneys
                                        Department of Justice, Fraud Section
                                        1400 New York Avenue, NW
Dated: June 10, 2021             Washington, DC 20005

## **CERTIFICATE OF SERVICE**

I certify that on June 10, 2021, I electronically filed this motion response for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to counsel of record.

/s/ Sara Woodward
AUSA, Eastern District of Michigan